People of the State of Illinois for the Use of Jay Stough, Appellant, v. Harry C. Danforth and Standard Accident Insurance Company, Appellees.

Gen. No. 39,700.

Opinion filed January 10, 1938.

SCHUYLER & HENNESSY, of Chicago, for appellant; LAWRENCE NELSON, JR., of Chicago, of counsel.

DENT, WEICHELT & HAMPTON, of Chicago, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff Jay Stough, an attorney, appeals from an adverse judgment in a suit upon an administrator's bond. The liability on the bond depends upon the effect to be given to an order entered February 8, 1935, in a proceeding in the circuit court, on appeal from the probate court, which ordered the administrator to pay plaintiff $300 for services as attorney. This suit on the bond, commenced October 30, 1935, followed the failure or refusal of the administrator to obey that order.

The complaint set up the appointment in September, 1926, of Harry C. Danforth as administrator of the estate of Lottie I. Danforth, deceased, and also recited the provisions of the bond entered into between Danforth as administrator and Standard Accident Insurance Company as surety, the defendants. Then is set forth the circuit court order of February 8th, entered in the matter of the estate of Lottie I. Danforth, deceased. This is as follows:

"Now this cause coming on to be heard upon the amended petition of Jay Stough and upon the evidence heard in open court:

"The Court doth find that Harry C. Danforth as Administrator of the Estate of Lottie I. Danforth, De-

ceased, and personally, employed Jay Stough as attorney to represent him the said Harry C. Danforth, as administrator and personally, and that the said Jay Stough performed legal services as an attorney at the request of the said Harry C. Danforth, personally and as Administrator of Lottie I. Danforth, Deceased, which were beneficial to the Estate of Lottie I. Danforth, Deceased, and to the said Harry C. Danforth, personally, and that the services so performed by the said Jay Stough were reasonably worth the sum of $300.

"The Court further finds that Harry C. Danforth was and is the sole beneficiary of said estate.

"Now, therefore, It Is Ordered, Adjudged And Decreed that Jay Stough be and he hereby is allowed the sum of $300 against the said Harry C. Danforth personally and against the said Estate of Lottie I. Danforth, Deceased, and the said Harry C. Danforth, Administrator of the Estate of Lottie I. Danforth, Deceased, be and he hereby is ordered to pay said sum of $300 to said Jay Stough and to take credit therefor in his final account as Administrator of said estate."

Plaintiff alleged that no part of this $300 was paid by Danforth as administrator, who had or should have had sufficient assets in excess of all claims against the estate to pay it, and asks that this amount with interest and costs be assessed against the defendants.

Service was had upon the surety company, but the summons to Danforth was returned "not found."

The defendant answered, denying liability for a number of reasons, but asserting principally that the above order was void and that the circuit court had no jurisdiction to enter it.

The argument presented to the trial court was that the circuit court had no jurisdiction to order the administrator to pay attorney's fees for services rendered to Danforth personally. This was the view

taken by the trial court, who based his finding against the plaintiff on the ground that the circuit court order was void for uncertainty; that "there is no way of determining from the order itself what services were rendered to Danforth . . . personally, and what services were rendered to him as executor (administrator)"; that the services "may have been rendered on matters entirely extraneous to the estate." The court refused to admit a copy of this order and entered judgment for the defendant.

The probate court in the administration of decedent estates has a general jurisdiction and when it is adjudging upon the administration of estates its jurisdiction is as general as that of the circuit court. *People v. Miller,* 339 Ill. 573, 581. On appeals from the probate court to the circuit court the latter has the same jurisdiction in the settlement of estates as the probate court has. Ch. 37, par. 341, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 110.163. *Frank v. People,* 147 Ill. 105.

The order of February 8, 1935, entered in the circuit court, was a final and appealable order and cannot be attacked in a collateral proceeding. *McDonald v. People,* 222 Ill. 325, is decisive on this point. There an action of debt was commenced in the circuit court against sureties upon an administrator's bond; the probate court had found that the administrator should be charged with interest on certain funds in his hands and ordered certain amounts paid to the attorney for the estate and to the distributees; the administrator was in default and suit was brought against the sureties on his bond. The court held that the order of the probate court was never appealed from and was in full force and effect, and said that "the law seems to be well settled in this State that such order is binding upon the administrator and the sureties upon his bond in this suit unless it is impeached for fraud," and the

opinion quoted with approval from *Frank v. People, supra,* where it was held that by not appealing from the probate court order the surety must be held to have consented to be bound by it and was concluded by the probate judgment, "and that if the order against the administrator was not warranted by law the remedy of the security was by appeal, and that they could not question it collaterally when sued upon the bond."

Counsel for defendant have argued at length, citing many cases involving appeals from orders approving of payments made for individual expenses, not directly related to the administration of the estate. Such cases are not in point here for, as we have said, there was no appeal from the circuit court order, where the question of the propriety of the order could have been determined.

Although it is not necessary to a decision in this case, we are of the opinion the order of the circuit court was proper. It recites that Harry C. Danforth is the sole beneficiary of the estate and that the services of plaintiff as attorney, rendered at the request of Danforth, personally and as administrator, were beneficial to the estate. The approved practice is to allow the claim for an attorney's fee in representing an administrator against the administrator, personally, and not against the estate, and the proper procedure is for the administrator to pay the fee and take credit therefor in his final account. This is the procedure pointed out in *In re Estate of Thurber,* 311 Ill. 211, and *In re Estate of Mertz,* 246 Ill. App. 283, 289, and the instant order follows this rule. Apparently this is to prevent the administrator from contracting away the beneficiary's property. *Johnson v. Leman,* 131 Ill. 609. And the questioned order in form follows this rule, but the reason for so doing does not obtain here as Danforth himself is both the administrator and the sole beneficiary of the estate.

Some question was raised upon the trial as to whether or not the attorneys for defendant appeared in the cause heard and determined in the circuit court. We do not think the point is decisive. In any event the transcript of the proceedings in the circuit court show that the defendant appeared by its attorney.

For the reasons indicated the judgment of the superior court is reversed and judgment for plaintiff is entered in this court against defendant for $300, with interest at 5 per cent per annum from February 8, 1935, to date, which is $43.75, and costs in the circuit court proceeding $46, a total of $389.75.

*Reversed and judgment in this court for plaintiff for $389.75.*

O'CONNOR, P. J., and MATCHETT, J., concur.