Helen Calhoun Cash, Appellant, v. Metropolitan Trust Company, Appellee.

Gen. No. 43,712.

562

Opinion filed November 19, 1946.
Rehearing denied December 3, 1946. Released for publication December 3, 1946.

ORR, LEWIS & ORR, of Chicago, for appellant; WALLACE W. ORR and HASKELL F. LAMM, both of Chicago, of counsel.

IRVING B. CAMPBELL, of Chicago, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

On April 18, 1939 the Metropolitan Trust Company was appointed successor conservator of the estate of Helen Calhoun Cash by the probate court of Cook county, she having been theretofore adjudged insane by the county court of Kane county. At that time the assets in the ward's estate amounted to between $11,000 and $12,000. On her petition several years thereafter an order of restoration was entered by the county court of Kane county and she then filed a petition in the probate court of Cook county for the discharge of the aforesaid conservator upon the filing and approval of its final account. After such final account had been filed Helen Calhoun Cash (hereinafter for convenience referred to as the appellant) objected to several items contained therein as well as to several items contained in current accounts filed by the conservator prior to the order of restoration. The probate court entered an order overruling appellant's objections to the challenged items and she appealed to the superior court of Cook county, which after a hearing *de novo* also entered an order overruling said objections and allowed the conservator "an additional credit of $250.00 as fees and expenses for its attorney for handling the disposition of the objections aforesaid in the Probate court." This appeal seeks to reverse the order of the superior court. Hereinafter for convenience the probate court of Cook county will be referred to as the probate court.

On May 23, 1938 appellant was adjudged insane by the county court of Kane county and committed to the Resthaven Sanitarium in Elgin, Illinois. On June 10, 1938 John L. McConnell was appointed conservator of her person and of her estate by the probate court. On September 1, 1938 she filed a special petition in the county court of Kane county in which she asserted that the order of that court adjudging her insane was void because of its lack of jurisdiction of her person. After a hearing her special petition was ordered dismissed on September 22, 1938. She appealed to the circuit court of Kane county which affirmed the county court of said county and ordered her special petition dismissed on December 3, 1938. She then perfected an appeal to the Appellate Court of the Second District, which reversed the judgment of the circuit court of Kane county and remanded the cause to said circuit court for a new trial. Pursuant to remandment the case was redocketed in the circuit court of Kane county and set for trial on May 9, 1940.

It should be stated at this point that the state's attorney of Kane county appeared both in the county court and the circuit court of said county and contested appellant's special petition to have the judgment finding her insane set aside as void. However, he did not appear in the Appellate Court of the Second District to defend against her appeal from the order of the circuit court of Kane county dismissing her special petition.

On May 18, 1939, about eight months after appellant filed her aforesaid special petition in the county court of Kane county, McConnell, her original conservator, resigned and the Metropolitan Trust Company was appointed by the probate court as his successor. It qualified as conservator of her estate on May 19, 1939.

As heretofore stated, after remandment by the Appellate Court of the Second District, appellant's special petition was set for trial in the circuit court of Kane county on May 9, 1940.

On April 29, 1940 the Metropolitan Trust Company filed a petition in the probate court in which it alleged all of the foregoing matters pertaining to the adjudication as to appellant's insanity, its appointment as successor conservator of her estate, the filing of her special petition in the county court of Kane county to have the adjudication as to her insanity declared void and the course and the result of the litigation up to that time concerning said special petition. It was further alleged *inter alia* in the conservator's petition that "the County court of Kane county had jurisdiction over the subject matter and the said Helen C. Cash had actual statutory notice of the proceedings in said court [the inquisition into her sanity] and was present at said hearing and had every opportunity to present any defense she might have had; that relying upon the validity of said judgment many proceedings have been had in this court and that if the said judgment of the County court be vacated as of the date of its entry many innocent persons would be damaged"; and that "your petitioner's attorney has been informed that the state's attorney of Kane county, Illinois, who defended the proceedings in the county at previous trials will not do so this time, principally for want of public funds under his control for that purpose and that if your petitioner is not authorized to present a defense, no evidence will be procured and introduced in opposition to the petition and the original judgment will probably be vacated for want of anyone to defend its validity." The conservator's petition concluded with the prayer that "an order may be entered herein instructing and directing your petitioner as to what, if anything, it should do in the premises with respect to defending and maintaining the rights of persons who have dealt with the preceding conservator on the faith of the validity of orders and proceedings of this court."

In response to said petition and without notice to appellant the probate court entered an order authoriz-

ing the conservator "to employ Irving B. Campbell as its attorney to defend against the special petition of Helen C. Cash pending in the circuit court of Kane county, Illinois, on appeal from the county court of said county, and to incur on behalf of the estate such reasonable and customary expenses as to it may appear necessary and proper in connection with such proceeding. . . ."

Pursuant to the foregoing order Irving B. Campbell, attorney for the conservator of the estate of appellant, defended against its ward's special petition in the circuit court of Kane county and after a hearing said special petition was dismissed. She appealed from said order of dismissal to the Appellate Court of the Second District. The conservator resisted her appeal and the order of dismissal was affirmed. Her petition for leave to appeal to the Supreme Court of Illinois was allowed but that court ultimately affirmed the order of dismissal. She then perfected an appeal to the Supreme Court of the United States, which was thereafter dismissed in March 1944 on the motion of the conservator on the ground that no federal question was involved.

Thereafter, on September 7, 1944, upon appellant's petition the county court of Kane county entered the order of restoration heretofore referred to, which found in part that "on May 23, 1938, said Helen Calhoun Cash was found by this Court to be an insane person and committed to the Resthaven Sanitarium at Elgin, Illinois; and that on or about March 22, 1939, she was discharged from said sanitarium, and since that time has been employed in gainful occupations and has supported herself by her earnings."

It should be noted that appellant was discharged from the sanitarium prior to the appointment of the Metropolitan Trust Company as successor conservator of her estate and that it knew of her discharge and that she was not under restraint at the time it filed its petition in the probate court asking that court to au-

thorize it to appear in the circuit court of Kane county to oppose her special petition to have the adjudication of insanity against her declared void. It should also be noted that, during the four years the conservator was contesting its ward's claimed right to have the insanity adjudication against her declared void, she was not under restraint and that the state's attorney of Kane county made no effort to have her recommitted to the sanitarium from which she had been discharged on March 22, 1939.

As has been seen, the probate court by its order of April 29, 1940 authorized the Metropolitan Trust Company to appear and defend against appellant's special petition in the circuit court of Kane county. By subsequent orders it authorized said conservator of her estate to resist her appeals in the several courts hereinbefore mentioned and it also authorized the conservator to pay to itself and its attorney fees and expenses amounting to $2,487.37 out of the funds in appellant's estate to oppose her in the aforesaid litigation. Pursuant to such prior authorization by the probate court the conservator paid said fees and expenses to itself and its attorney and took credit for such payments in its final and current accounts. It was to items in said accounts representing such fees and expenses that appellant objected.

Appellant had the right to have determined in an appropriate proceeding the question as to whether the county court of Kane county lacked jurisdiction of her person when it adjudged her insane. Having that unquestionable right, did the conservator of her estate have any authority to use its ward's money to oppose her in the litigation she initiated to test the jurisdiction of the court which conducted the inquisition as to her sanity or did the probate court have the power to grant it such authority on the record before us in this case?

Section 122 of the Act on Administration of Estates (par. 274, ch. 3, Ill. Rev. Stat. 1945 [Jones Ill.

Stats. Ann. 110.371]) directs that the conservator of an estate of an incompetent "shall manage the estate of his ward frugally." Section 124 of said Act directs that "the conservator of the estate of an incompetent shall appear for and represent his ward in all legal proceedings unless another person is appointed for that purpose as conservator or next friend." The statute nowhere provides that a conservator may appear against and oppose its ward in any litigation and use funds belonging to the ward's estate for such purpose.

The Metropolitan Trust Company concedes that the probate court had no statutory power to authorize it as conservator to oppose appellant's special petition to have the insanity adjudication against her declared void but it asserts that it was within the jurisdiction of said court under its equitable powers to grant such authority.

The conservator's position is that, appellant not having been restored to reason in a proper proceeding prior to the time she initiated the litigation to have the insanity adjudication against her declared void or at any time during the course thereof, she would still have been insane in fact, even though she had prevailed in such litigation; that "the statute gives the probate court power to direct the conservator in relation to the care of the estate"; that "proper care of the estate includes protection from acts of the incompetent, for such is the purpose of the appointment of the conservator in the first place"; and that "it is not in the interest of the ward or her estate that the adjudication be set aside unless she has in fact recovered, and is competent to care for her estate and manage her affairs."

In other words the conservator attempts to sustain the jurisdiction of the probate court on the theory that the purpose of its order authorizing the Metropolitan Trust Company to oppose appellant's special petition in the circuit court of Kane county was

to protect her estate against her own possible dissipation or waste thereof. But, as will be hereinafter shown, such was not the object of the conservator's petition to the probate court seeking its authority to oppose appellant's special petition. In *Winger v. Chicago Bank & Trust Co.*, 394 Ill. 94, the Supreme Court said at p. 102: "One of the tests of jurisdiction is the relief prayed for in the complaint, or the object of the suit. (*Townsend v. Equitable Life Assurance Society*, 263 Ill. 432.)"

It will be remembered that the only ground upon which the conservator sought authority from the probate court to defend against appellant's special petition was, as alleged in its petition to said court, that "if the said judgment of the County court be vacated as of the date of its entry *many innocent persons would be damaged.*" (Italics ours.) The object of the conservator's petition is clearly shown by the relief sought therein. The relief prayed for was that "an order may be entered herein instructing and directing your petitioner as to what, if anything, it should do in the premises *with respect to defending and maintaining the rights of persons who have dealt with the preceding conservator on the faith of the validity of orders and proceedings of this court.*" (Italics ours.) Thus it appears that the sole object of the conservator in seeking authority from the probate court to oppose appellant's special petition was not, as it now contends, to prevent her from dissipating her estate but rather to protect and defend the rights of others.

The conservator, undoubtedly realizing that the probate court had no power, statutory or equitable, to authorize the expenditure of funds belonging to appellant's estate to protect, defend and maintain rights of third persons as against her or her estate, was driven to the untenable position it now takes that the probate court under its equitable powers had jurisdiction to authorize it to oppose appellant's special petition and to use her money for that purpose on the

theory that in so doing it was protecting her estate from possible dissipation and waste by her.

Inasmuch as the prayer for relief in the conservator's petition for authority to oppose appellant's special petition did not present for consideration and determination the matter of the possible dissipation by her of her estate, if she prevailed in the litigation concerning her special petition, the probate court did not and was not called upon to exercise jurisdiction over said matter under its equitable powers. Consequently, there is no question on the record presented to this court of the equitable power of the probate court to authorize the conservator to oppose appellant's special petition in order to prevent her from dissipating her estate.

The conservator also contends that "the probate court has express jurisdiction over the settlement of accounts of conservators"; that "the purpose of obtaining prior court approval was to be assured of the allowance of the items in the accounting"; and that "the orders theretofore determined matters related to the accounting."

A similar contention was made and held to be without merit in *Nonnast v. Northern Trust Co.*, 374 Ill. 248. In that case the conservator of the estate of an incompetent, with the prior approval of the probate court, made certain advances out of the funds in said estate. There it was held that the advances were made without statutory authority and that the conservator was personally responsible for all attorney's fees, expenses and losses incurred by reason of such advances.

We have considered the other points urged and the authorities cited in support thereof but in the view we take of this case we deem it unnecessary to discuss them.

Since the sole object of the conservator's petition seeking the authority of the probate court to oppose appellant's special petition was to protect

and defend the rights of third persons as against her and her estate and to use her money for that purpose, we are impelled to hold that the probate court had no jurisdiction to enter the order granting the Metropolitan Trust Company such authority. It necessarily follows that the expenditures in question from funds belonging to its ward's estate were unlawfully made by the conservator and that it must restore the money so expended.

For the reasons stated herein the final order of the superior court of Cook county overruling the objections of the appellant to the conservator's final and current accounts is reversed *in toto* and the cause is remanded with directions to sustain her objections to such accounts and to order the surcharge of the accounts of the conservator to the extent of $2,487.37.

*Order reversed and cause remanded with directions.*

FRIEND and SCANLAN, JJ., concur.