In the Matter of the Estate of Aline Sherwood, Alleged Incompetent.
Gladys Windette and Olive Windette, Objectors-Appellants, v. Continental Illinois National Bank & Trust Company of Chicago, Conservator to Collect, Edward Bouma, Petitioner, John J. Enright & Christ Karafotias, Attorneys, Appellees.

Gen. No. 49,728.

First District, First Division.

February 15, 1965.

Rehearing denied March 11, 1965.

Alfred F. Beck, of Chicago, for appellants.

Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of Chicago (Frank D. Mayer and Burton E. Glazov, of counsel), for Continental Illinois National Bank & Trust Company, appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This case arose initially in a proceeding to have Aline Sherwood, a ninety-one-year-old woman, declared incompetent. A trial by jury resulted in a disagreement. Judgment notwithstanding the verdict was denied and a new trial was granted. The Continental Illinois National Bank and Trust Company of Chicago was then appointed as Conservator to Collect for the Estate of Aline Sherwood. The Probate Court thereafter approved the payment of certain claims and ordered the payment of attorney's fees, which claims and fees were paid by the Bank. Subsequently, Aline Sherwood died, pending a new trial, after which the Bank filed its first and final account and its attorney filed a petition for additional fees. Objections were filed contesting the payment of the items theretofore paid by the Bank and to the fees requested by the Bank for its services, and to the payment of additional attorney's fees. From the order overruling the objections and the allowance of the requested fees, the objectors, who are the heirs and legatees of Aline Sherwood, brought this appeal.

The petition for the appointment of Continental Illinois National Bank & Trust Company as a conservator for the person and the estate of Aline Sherwood, which was filed on June 25, 1962, by Edward Bouma, alleged that because of her old age, senility, and deterioration of mentality, Aline Sherwood was incapable of managing her estate and the same was subject to waste and mismanagement. The same attorney who filed the petition also filed his appearance for the Bank. Aline Sherwood filed her appearance, answer and jury demand and a trial by jury resulted in a disagreement on July 20, 1962. An order was entered on August 8, 1962, denying petitioner's motion for judgment non obstante veredicto. A new trial was granted and continued generally. A petition was filed on the same date by Bouma, in which he alleged that he was Aline Sherwood's tenant of premises at 5025 Sheridan Road, Chicago, under a 10-year lease beginning September 1, 1961, at $600 per month; that he considered Aline Sherwood to be incompetent; that he had withheld rents for July and August of 1962; that the second installment of general real estate taxes for 1961 was due September 1, 1962, in the sum of $1,100. An answer was filed to the petition and on the same date a hearing was held and the court, over the objections of the alleged incompetent, entered an order appointing the Bank as Conservator to Collect of the Estate of Aline Sherwood. The Court concluded that "the estate of Aline Sherwood, an alleged incompetent is liable to waste, loss or embezzlement, pending a final decision on the petition for appointment of a conservator." No appeal was taken from that order. Letters of conservatorship were issued to the Bank on August 14, 1962.

Pursuant to the Bank's petition, an order was entered on November 13, 1962, over the objections of the alleged incompetent, to commence a suit in the Su-

perior Court to set aside a deed executed by the alleged incompetent placing title of the premises at 5025 Sheridan Road in joint tenancy with her niece, Lucille Windette, and to inspect the premises where Aline Sherwood resided. An inventory was thereafter filed by the Bank and approved by the Court on December 26, 1962, over objections that it failed to list Aline Sherwood's claim against Bouma and her former attorneys.

On January 28, 1963, the Bank filed a petition praying for an order instructing it concerning what disposition should be made of funds which it had collected and would collect in the future. An answer was filed objecting that only waste was caused by appointment of the conservator and praying for restoration of the property. On February 7, 1963, the court ordered "that the Continental National Bank and Trust Company of Chicago shall prepare and file with this court, within a reasonable time, a Petition setting forth all claims against the alleged incompetent which have been filed with the said bank and shall further ask this court for instructions concerning the payment of said claims."

On February 21, 1963, the Bank filed a list of claims against the alleged incompetent's estate including costs of the trial and requested payment of "fair and reasonable" attorney's fees to the attorneys who had represented both petitioner Bouma and the Conservator. Objections were filed to the payment of court costs, to the installation of conductors and downspouts on the premises, and to any allowance of attorney's fees. On March 15, 1963, the court, after a hearing, overruled these objections, approved the payment of all claims, and ordered the payment of $2500 as fair and reasonable attorney's fees. The order further recited "that the bank at this time, having deferred payment of fees, the court retains jurisdiction for the payment

337

of fees to the said bank for services rendered until such time as the bank files an Annual Report or otherwise seeks payment for services herein." No appeal was taken from this order and the claims and fees were paid by the Bank.

On September 15, 1963, the alleged incompetent died pendente lite. The Bank thereafter filed its Final Account and its attorney filed his petition for final attorney's fees. Objections were filed to the final account, to the payment of final attorney's fees, and to the items heretofore paid by the Bank pursuant to the order entered by the Probate Court on March 15, 1963. On February 14, 1964, the Court overruled the objections and ordered payment of $500 additional attorney's fees and fees to the Bank whereupon the objectors took this appeal.

The objectors contend that the initial order of payment made by the Probate Court on March 15, 1963, was void in that the Court lacked power to authorize such payment against its ward with funds in the ward's estate; that throughout the proceedings against the alleged incompetent the same attorneys represented both the conservator and the petitioner, Bouma, and because they represented conflicting interests in the same litigation, they may not recover fees; that the appointment of Conservator to Collect was unwarranted and therefore the Conservator to Collect was not entitled to fees; and that when Aline Sherwood died without an adjudication of incompetency, the proceedings against her abated and the court lacked jurisdiction to make any award.

We cannot agree with the objectors that the Probate Court lacked power to authorize the Conservator to Collect to charge the costs of the incompetency proceeding and attorney's fees against the alleged incompetent's estate. Clearly a petition brought in good faith to establish incompetence is an act in

338

the interest and for the benefit of the alleged incompetent. See Joost v. Racher, 148 Ill App 548 and In re Estate of Pine, 16 Ill App2d 584, 149 NE2d 787. While we find no Illinois cases on the point, we are persuaded by the rule adopted in other states that costs and attorney's fees, incurred in the prosecution and defense of incompetency proceedings, constitute necessaries of the incompetent for the payment of which his estate may be assessed by the court. Penney v. Pritchard & McCall, 255 Ala 13, 49 So2d 782; In re Bundy's Estate, 44 Cal App 466, 186 P 811.

Cash v. Metropolitan Trust Co., 329 Ill App 561, 70 NE2d 331, does not, as the objectors urge, control the instant case. The Cash case did not involve appointment of a conservator to collect, in order to prevent the incompetent from dissipating her estate, but rather the court in that case specifically stated that the sole object of the conservator, in seeking authority, was to protect and defend the rights of third persons as against her and her estate.

We also cannot agree that the appointment of the Conservator to Collect, by order of the Probate Court on August 8, 1962, was not properly made under Ill Rev Stats 1963, c 3, § 113a, which provides in relevant part:

> Pending a decision on a petition for the appointment of a conservator of the estate of an alleged incompetent or an appeal from an order appointing such a conservator, the court, upon a showing under oath that the estate of the alleged incompetent is liable to waste, loss or embezzlement, and after such notice as it directs, may appoint a conservator to collect for his estate.

The record shows that a hearing took place and the court, after seeing the parties and hearing the matter, properly appointed the Bank as Conservator to Col-

lect for the purpose of preventing Aline Sherwood from dissipating her estate.

■ Not only do we believe that the appointment of the Conservator to Collect was proper, and that the costs and attorney's fees involved in the incompetency proceeding were properly charged to the alleged incompetent's estate, but we also believe that since no appeal was taken within the 60-day statutory period for appeal (Ill Rev Stats 1963, c 110, § 76) from either of the orders discussed above, they cannot be attacked in this appeal. The order of the Probate Court to pay claims or expenses is a final and appealable order which may not, in the absence of fraud or mistake, be attacked after the statutory period for appeal has expired. People v. Danforth, 293 Ill App 280, 12 NE2d 227, In re Estate of Meyer, 349 Ill App 241, 110 NE2d 456; Pence v. Pettett, 211 Ill App 588. In City of Alton v. County Court of St. Charles County, Mo., 16 Ill2d 23, 156 NE2d 531, it was held that orders approving and ordering a receiver to pay claims were final and appealable when entered. No contention is advanced that the order was fraudulently entered or was due to a mistake.

■ The objectors rely on section 50(2) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 50(2)) for their contention that an order to pay claims is not appealable when entered. We do not agree that section 50(2) governs this case. That section provides that in the ordinary case where there are multiple claims and fewer than all claims are decided by the judgment or order of the court, such judgment or order is not either enforceable or appealable unless it contains a finding that there is no just reason for delaying enforcement or appeal. It has been held that where the judgment or order is enforceable, the fact of enforceability carries with it the right of appeal in spite of the provisions of section 50(2). Micelli v. Micelli, 45

Ill App2d 159, 195 NE2d 233. In the instant case, failure to comply with the order would have subjected the Conservator to Collect to contempt proceedings (Ill Rev Stats 1963, c 3, § 135); hence section 50(2) is inapplicable here.

The order appointing the Conservator to Collect was final and appealable when made and cannot be collaterally attacked in this appeal, which concerns matters wholly separate from the appointment, unless there is showing that the court lacked jurisdiction to appoint. Skontos v. Gekas, 32 Ill App2d 330, 177 NE2d 873; Illinois Merchants Trust Co. v. Turner, 341 Ill 101, 173 NE 52; Hoit v. Snodgrass, 315 Ill 548, 146 NE 562. There is nothing here to indicate that the Probate Court lacked jurisdiction to appoint the Conservator to Collect.

We also find no merit in the objectors' contention that the attorneys representing both Bouma and the Bank represented conflicting or adverse interests or that the Bank acted in any manner which was contrary to the best interests of the alleged incompetent.

The objectors finally contend that the incompetency proceedings abated on the death of the alleged incompetent and that upon abatement neither party receives his costs, but rather each party pays his own costs. The case of Harvey v. Harvey, 87 Ill 54, which is cited by the objectors in support of this argument, is manifestly not in point. In that case the Supreme Court held that a citation proceeding in the County Court to compel a guardian to account was not a suit either at law or in equity and it abated on the death of the guardian, even after appeal. The statute creating the office of conservator to collect provides the sole manner for terminating the guardianship. The statute, Ill Rev Stats 1963, c 3, § 113a, provides in relevant part:

341

"He [the conservator to collect] shall hold office until he is discharged by the court or until the question of appointment of a conservator is decided and shall then render his account to the court for approval and deliver to the person entitled thereto the estate which has come into his possession, subject to the proper disbursements made and the proper expenses incurred by him, including a reasonable compensation for his services and the services of his attorney."

It is clear to us that the payment of compensation and expenses to the Bank and a reasonable compensation to its attorney is specifically authorized by the statute. The order of the Probate Division of the Circuit Court of Cook County overruling the objections to the First and Final Account of the Conservator to Collect and the order of payment of fees is affirmed.

Order affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.