Emma Galler, Individually, and as Trustee Under a Trust Agreement Dated July 21, 1956, and as Executor of the Last Will and Testament of Benjamin A. Galler, Deceased, Plaintiff-Appellee, v. Isadore A. Galler, et al., Defendants-Appellants.

Gen. No. 50,570.

First District, Second Division.

March 22, 1966.

Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of Chicago (Frank D. Mayer, Patrick W. O'Brien, Edward R. Lev and George W. Hamman, of counsel), for appellants Rose and Aaron Galler; Jesse Marcus, of Chi-

cago, for appellant, Rose Galler, as Executrix of Estate of Isadore A. Galler, Deceased.

Arvey, Hodes & Mantynband, of Chicago (Sidney R. Zatz and Jack H. Oppenheim, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from an order entered in the Circuit Court of Cook County, February 11, 1965 which directed that a meeting of stockholders of the Galler Drug Company take place, and also directed who the officers to be elected were and what would be their salaries.

The case was returned to the Circuit Court after the Supreme Court held that an agreement entered into by the parties was enforceable. The stockholders' meeting was directed pursuant to this agreement. The Supreme Court also ordered an accounting concerning certain funds paid to appellants herein, and there is pending in the Circuit Court a question concerning the ownership of six shares of stock in this corporation.

This case was taken along with a motion to dismiss the appeal on the grounds that this court did not have jurisdiction under chap 110, Ill Rev Stats 1965, § 50(2). That section reads:

> "If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appeal-

able, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties."

In this case there was no finding that there was no just reason for delaying enforcement or appeal. According to the clear language of the statute, the order that was entered is not appealable.

The appellants have cited two cases in opposition to this proposition, In re Estate of Sherwood, 56 Ill App2d 334, 206 NE2d 304 (1965) and Micelli v. Micelli, 45 Ill App2d 159, 195 NE2d 233 (1963) for the proposition that where a judgment or order is enforceable through the use of a contempt of court citation, the matter is appealable whether or not the court has determined all the issues and whether or not there has been a finding that there is no just cause to delay enforcement or appeal. In this case, however, contempt citations are not available. The parties did hold the meeting and elected the persons selected by the Court at the designated salaries. The Court now has no basis for charging anyone with contempt. Had the appellants chosen to take this appeal before complying with the order of the Court below, they might have had a reviewable order on appeal. We need not speculate, however, on what might have been. There is no appealable order before this Court and the appeal is dismissed.

Appeal dismissed.

LYONS and BURKE, JJ., concur.