*In re* ESTATE OF MARY T. HASSE, an Alleged Disabled Person (Fritz Hasse, Appellant, v. Arbor of Itasca, Inc., Appellee).

Second District   No. 2—00—0862

Opinion filed February 28, 2002.

1058

James L. Reichardt, of Villa Park, for appellant.

Patrick M. Loftus, of Law Offices of Patrick M. Loftus, of Addison, for appellee.

JUSTICE O'MALLEY delivered the opinion of the court:

On May 28, 1999, Dewey Pierotti, the public guardian of Du Page County, filed a petition for appointment of a guardian for the person and estate of Mary T. Hasse (Mary) on the ground that she was disabled. On the same day, the court appointed a guardian *ad litem* for Mary and, pursuant to section 11a—4 of the Probate Act of 1975 (Act) (755 ILCS 5/11a—4 (West 1998)), appointed Dewey Pierotti as the temporary plenary guardian for the estate and person of Mary.

On June 2, 1999, Pierotti entered into a contract on Mary's behalf with Arbor of Itasca, Inc., Nursing Home (Arbor) whereby Mary would reside at and receive care from Arbor.

On June 8, 1999, the summons for the appointment of a guardian for a disabled person directed to Mary was returned with an indication that Mary had not been served and with a further notation that she had been discharged on June 2 from a hospital where she had been a patient. On June 14, 1999, Fritz Hasse (Fritz), Mary's husband, filed a petition in the same proceeding seeking his own appointment as guardian of the estate and person of Mary on the ground that she was disabled. Also on June 14, Fritz filed a motion seeking an order allowing

him to visit Mary. The motion for visitation recited that Pierotti's petition for the appointment of a guardian for Mary had been filed without any notice to Fritz.

On July 1, 1999, the answer and report of the guardian *ad litem* was filed. The guardian *ad litem* reported that Mary was in need of guardianship and that family problems had put Mary's health at risk and further recommended that Pierotti continue to serve as the temporary guardian of the person and estate of Mary.

On July 1, 1999, the court appointed Pierotti the plenary guardian of the estate and person of Mary and also appointed Fritz the plenary guardian of the estate of Mary. Also on July 1 the court entered and approved the answer and report of the guardian *ad litem*.

On July 29, 1999, the court issued an order in response to the emergency motion of Fritz to transfer Mary from Arbor. The court had conducted an *in camera* interview with Mary and received evidence from Fritz and from Mary's daughter Cindy and heard arguments from counsel for Fritz. The court ordered Pierotti to effect the discharge of Mary from Arbor and to establish Mary's residence with her daughter Cindy.

On December 23, 1999, Pierotti filed a petition for the payment of Mary's expenses, including expenses for her stay at Arbor. On February 17, 2000, Fritz, as guardian of the estate, filed his response to the petition for the payment of Mary's expenses. His response asserted, *inter alia*, that neither he nor Mary, prior to her adjudication of disability, consented to her placement at Arbor or the medical care she received there. Fritz prayed that the petition for the payment of Mary's expenses be denied and that any person or entity having a claim against the estate be required to file a claim and furnish proof as to the necessity and value of the goods and services provided. On March 24, 2000, Arbor, the appellee, filed its appearance and its claim for $8,049.08 plus costs and attorney fees against Mary's estate.

On April 13, 2000, Fritz filed a motion to dismiss Arbor's claims on the grounds that the order of May 28, 1999, appointing Pierotti as the temporary plenary guardian was void and that the contract underlying the claim of Arbor was equally void. On June 1, 2000, the court entered an order denying Fritz's motion to dismiss the claim of Arbor, and on June 29, 2000, the trial court entered an order allowing the claim of Arbor against the estate. Fritz filed a timely notice of appeal pursuant to Supreme Court Rule 304 (155 Ill. 2d R. 304), praying that the orders of June 1, 2000, and June 29, 2000, be vacated and held for naught.

Fritz argues that the court was without jurisdiction to appoint Pierotti because Mary was not personally served with a copy of the pe-

tition and summons pursuant to section 11a—10(e) of the Act (755 ILCS 5/11a—10(e) (West 1998)). Fritz also argues that nothing in the record establishes the service of notice required by section 11a—10(f) (755 ILCS 5/11a—10(f) (West 1998)) on any of the relatives of Mary named in either Pierotti's petition or Fritz's own petition. Fritz cites *In re Estate of Steinfeld*, 158 Ill. 2d 1 (1994), and *In re Guardianship of Sodini*, 172 Ill. App. 3d 1055 (1988), for the proposition that compliance with sections 11a—10(e) and (f) is jurisdictional.

However, as the foregoing chronology demonstrates, Pierotti entered into the contract with Arbor in his capacity and during his tenure as the temporary plenary guardian of Mary, *i.e.*, before his and Fritz's appointments as Mary's guardians. Section 11a—4 provides, *inter alia*, that prior to the appointment of a guardian "the court may appoint a temporary guardian upon a showing of the necessity therefor for the immediate welfare and protection of the alleged disabled person or his estate on such notice and subject to such conditions as the court may prescribe." 755 ILCS 5/11a—4 (West 1998).

Sections 11a—10(e) and (f) specify the notice requirements to the respondent and the respondent's relatives regarding petitions filed pursuant to section 11a—8 of the Act (755 ILCS 5/11a—8 (West 1998)). Section 11a—8 concerns petitions for the adjudication of disability and for the appointment of a guardian, as opposed to section 11a—4, which relates to the appointment of a temporary guardian. The express language of section 11a—10 limits its application to petitions filed pursuant to section 11a—8. Thus, by virtue of the plain language of the statute, the notice requirements of section 11a—10 do not apply to proceedings conducted pursuant to section 11a—4 for the appointment of a temporary guardian. In addition, the plain language of section 11a—4 requires such notice as the court may prescribe, as opposed to the specific statutory notice requirements contained in section 11a—10. Moreover, section 11a—4 provides, "[T]he court may appoint a temporary guardian upon a showing of the necessity therefor for the *immediate* welfare and protection of the alleged disabled person." (Emphasis added.) 755 ILCS 5/11a—4 (West 1998). Section 11a—10 requires notice to certain parties 14 days before a section 11a—8 hearing. Requiring such notice in connection with a section 11a—4 appointment of a temporary guardian would undermine the clear purpose of the provisions regarding temporary guardians, which is to attend to the *immediate* needs of the alleged disabled person.

The orders of June 1, 2000, denying the motion to dismiss the claim of Arbor and June 29, 2000, allowing the claim of Arbor are af-

firmed, and this matter is remanded for further proceedings consistent with this opinion.

Affirmed and remanded.

GEIGER and GROMETER, JJ., concur.