# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Farwell v. Senior Services Associates, Inc.*, 2012 IL App (2d) 110669

---

| | |
|---|---|
| Appellate Court Caption | CAROL M. FARWELL, Plaintiff-Appellant, v. SENIOR SERVICES ASSOCIATES, INC., ASTA CARE CENTER OF ELGIN, and DANIEL G. PARSONS, Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-11-0669 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | March 27, 2012<br><br>May 22, 2012<br>May 22, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action alleging false imprisonment, abuse of process, malicious prosecution and conspiracy, arising from the removal of plaintiff from her home and her transportation to defendant nursing home following the entry of an order appointing defendant agency as her temporary guardian, the trial court's dismissal of plaintiff's complaint was affirmed, since defendants acted pursuant to a valid temporary guardianship order to protect plaintiff's welfare. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 10-L-232; the Hon. Judith M. Brawka, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Daniel E. Compton and Karl E. Bayer, both of Brittain & Ketcham, P.C., of Elgin, for appellant.

Mary Jo Greene and Stephanie W. Weiner, both of Doherty & Progar, LLC, of Chicago, for appellee Senior Services Associates, Inc.

Elizabeth M. Neidig, of Purcell & Wardrope, Chtrd., and Ami L. DeMarco, of Quintairos, Prieto, Wood & Boyer, P.A., both of Chicago, for appellee Asta Care Center of Elgin.

Peter A. Walsh, Stephen R. Swofford, and John P. Ryan, all of Hinshaw & Culbertson LLP, of Chicago, for appellee Daniel G. Parsons.

Panel

JUSTICE BOWMAN delivered the judgment of the court, with opinion.

Justices Burke and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1        Plaintiff, Carol M. Farwell, appeals the circuit court's dismissal of her complaint against defendants, Senior Services Associates, Inc., Asta Care Center of Elgin, and attorney Daniel G. Parsons. Plaintiff's complaint alleged claims of false imprisonment, abuse of process, malicious prosecution, and conspiracy, based on her being removed from her home and transported to Asta Care Center following an April 30, 2008, order that appointed Senior Services temporary guardian of plaintiff. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        On April 29, 2010, plaintiff filed a five-count complaint, alleging the following facts. Plaintiff resided in a home in Hampshire. Prior to April 30, 2008, Senior Services filed a petition for the adjudication of disability and the appointment of a plenary guardian for plaintiff because she was unable to handle her affairs. The petition stated that it was necessary to remove plaintiff from her home and transport her to Asta Care Center in Elgin. Plaintiff alleged that Senior Services never gave her notice of its plans to seek guardianship over her. On April 30, 2008, the trial court made Senior Services plaintiff's temporary guardian and granted it authority to remove plaintiff from her home and transport her to Asta Care Center. Senior Services then transported plaintiff, against her will, by ambulance to Asta Care Center, causing plaintiff mental anguish and distress and depriving her of her liberty.

¶ 4        Count I alleged false imprisonment against Senior Services. Count II alleged abuse of process against Senior Services, in that its petition was initiated to prevent plaintiff from contesting a petition that sought guardianship of her husband, Robert Farwell. Count III alleged false imprisonment against Asta Care Center, in that it improperly detained plaintiff against her will, depriving her of her liberty. Count IV alleged false imprisonment against Parsons, who was the attorney for Senior Services. The complaint alleged that Parsons never provided plaintiff with notice of Senior Services' petition, failed to present clear and convincing evidence of her incompetence, and failed to file any type of medical report concerning plaintiff's ability to manage her affairs. Count V alleged abuse of process against Parsons, based on much of the same.

¶ 5        On July 22, 2010, Asta Care Center filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2010)), stating that it held plaintiff pursuant to a valid order by plaintiff's court-appointed temporary guardian. Six days later, Senior Services filed a similar motion to dismiss, arguing that it was a local public entity covered by the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1-101 *et seq.* (West 2010)), including its one-year statute of limitation, and that plaintiff could not collaterally attack the temporary guardianship order in a civil suit against the parties. Parsons also filed a motion to dismiss, arguing that plaintiff could not collaterally attack the order granting temporary guardianship and that he could not be liable, because he acted as an attorney for Senior Services when he filed the petition. Defendants explained that guardianship was sought because plaintiff's home was uninhabitable and posed an immediate threat to her health and safety. Plaintiff's children sought guardianship of Robert because he had Alzheimer's disease and plaintiff was not providing a safe home for him. Defendants argued that the trial court had properly granted temporary guardianship in order to protect plaintiff's welfare and safety. They argued that notice was not required for the temporary hearing as it is for a plenary hearing and that plaintiff never attacked the order and never asked that the temporary guardianship be revoked.

¶ 6        On January 28, 2011, the trial court granted plaintiff leave to file an amended complaint as to Asta Care Center and dismissed, with prejudice, counts I, II, IV, and V of the complaint.

¶ 7        Plaintiff filed her first amended complaint, alleging the following. Count I repleaded false imprisonment against Senior Services; count II repleaded abuse of process against Senior Services; count III alleged malicious prosecution against Senior Services; count IV pleaded civil conspiracy against Senior Services, alleging that Senior Services conspired and agreed with Parsons and Asta Care to maliciously prosecute plaintiff to prevent her from contesting the petition for guardianship of Robert Farwell; count V repleaded false imprisonment against Asta Care Center; count VI alleged civil conspiracy against Asta Care Center; count VII repleaded false imprisonment against Parsons; count VIII repleaded abuse of process against Parsons; count IX alleged malicious prosecution against Parsons; and count X alleged civil conspiracy against Parsons.

¶ 8        Defendants again filed motions to dismiss pursuant to section 2-619 of the Code, arguing that plaintiff could not collaterally attack the propriety of the temporary guardianship order in this civil suit and that, because the parties acted under the authority of the court's

temporary guardianship order, the complaint could not survive. On June 23, 2011, the trial court granted defendants' motions to dismiss, with prejudice, all counts of the complaint. The trial court stated that plaintiff could not circumvent the fact that defendants acted upon a legal temporary guardianship order. Plaintiff could not collaterally attack the temporary guardianship order in this proceeding where the order was never attacked in the prior proceeding. The trial court explained that the temporary guardianship was in effect for the entire duration of its term. While the petition for guardianship was then withdrawn because the facts had changed (plaintiff agreed to move out of the uninhabitable home), the facts supporting the order had not been attacked. Accordingly, the trial court determined that the false imprisonment claims failed because plaintiff was held under legal process. Further, the abuse of process claims failed because Senior Services obtained temporary guardianship in order to protect plaintiff and not for any ulterior purpose or motive. The court went on to state that the malicious prosecution claims failed because the mere filing of the guardianship petition did not result in special damages suffered by plaintiff. The conspiracy claims failed because the tort claims supporting them had failed. Plaintiff timely appealed.

¶ 9                                II. ANALYSIS

¶ 10      A motion to dismiss under section 2-619 admits the legal sufficiency of the plaintiff's complaint but asserts an affirmative matter that defeats the claims. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 11-12 (2005). We review *de novo* a trial court's dismissal of a complaint under a section 2-619 attack. *Id.* Further, whether the doctrine of collateral estoppel applies in this case presents a question of law, which we review *de novo* as well. *Hurlbert v. Charles*, 238 Ill. 2d 248, 254 (2010).

¶ 11      Plaintiff argues that the trial court erred in dismissing her complaint, because the temporary guardianship order was improperly entered, without notice and without a medical report. Plaintiff argues that the order was not a final order and that therefore she could not have appealed it when it was entered. Plaintiff further argues that, because the propriety of the order was not litigated, collateral estoppel does not bar her from raising the issue in this proceeding. Finally, plaintiff argues that the trial court erred because the underlying guardianship action terminated in her favor.

¶ 12      A claim for false imprisonment requires a showing that the plaintiff was restrained or arrested by the defendant and that the defendant acted without having reasonable grounds or probable cause. *Reynolds v. Menard, Inc.*, 365 Ill. App. 3d 812, 819 (2006). Here, defendants mainly argue that they had acted to remove plaintiff from her home under the authority granted to them by the trial court's temporary guardianship order. Defendants argue that plaintiff is collaterally estopped from attacking the propriety of the temporary guardianship order in these proceedings. We agree with defendants.

¶ 13      Collateral estoppel is an equitable doctrine that precludes a party from relitigating an issue decided in a prior proceeding. *American Family Mutual Insurance Co. v. Savickas*, 193 Ill. 2d 378, 387 (2000). Three threshold requirements must be met before the doctrine may be applied: (1) the issue decided in the prior adjudication must be identical with the one presented in the suit in question; (2) there must have been a final judgment on the merits in

the prior adjudication; and (3) the party against whom estoppel is asserted must have been a party or in privity with a party to the prior adjudication. *Id.* "Additionally, the party sought to be bound must actually have litigated the issue in the first suit and a decision on the issue must have been necessary to the judgment in the first litigation." *Id.*

¶ 14    In this case, we consider whether the temporary guardianship order may be considered a final judgment for purposes of application of collateral estoppel, and we find that it may. The temporary guardianship order was entered pursuant to section 11a-4 of the Probate Act of 1975 (755 ILCS 5/11a-4 (West 2008)). Section 11a-4 provides in relevant part:

> "[T]he court may appoint a temporary guardian upon a showing of the necessity therefor for the immediate welfare and protection of the alleged disabled person or his estate on such notice and subject to such conditions as the court may prescribe. In determining the necessity for temporary guardianship, the immediate welfare and protection of the alleged disabled person and his or her estate shall be of paramount concern, and the interests of the petitioner, any care provider, or any other party shall not outweigh the interests of the alleged disabled person. The temporary guardian shall have all of the powers and duties of a guardian of the person or of the estate which are specifically enumerated by court order. The court order shall state the actual harm identified by the court that necessitates temporary guardianship. The temporary guardianship shall expire within 60 days after the appointment or whenever a guardian is regularly appointed, whichever occurs first. Except pending the disposition on appeal of an adjudication of disability, no extension shall be granted. However, the ward shall have the right any time after the appointment of a temporary guardian is made to petition the court to revoke the appointment of the temporary guardian." 755 ILCS 5/11a-4 (West 2008).

¶ 15    In *In re Estate of Sherwood*, 56 Ill. App. 2d 334, 337-38 (1965), heirs to the estate of an allegedly incompetent woman objected to the temporary guardian's payment of certain estate expenses. The woman died before a permanent guardian hearing took place. *Id.* at 338. The appellate court stated that the appointment of the temporary guardian occurred in order to prevent the allegedly incompetent woman from dissipating her estate and was done after the court heard the parties. *Id.* at 339. Further, the appellate court held that the objectors could not argue on appeal that the temporary guardian's appointment was improper where no appeal was taken within the 60-day statutory period for appeal. *Id.* at 340. The appellate court held that the appointment was final and appealable when it was entered and could not be collaterally attacked in an appeal concerning matters wholly separate from the appointment unless there was a showing that the court had lacked jurisdiction to enter the order appointing the guardian. *Id.* at 341. There was nothing in the record that indicated that the probate court had lacked jurisdiction. *Id.*

¶ 16    Likewise in this case, plaintiff never petitioned the trial court to revoke the appointment of the temporary guardian and never sought any type of review of that temporary guardianship order. In fact, the order remained in effect for the entire 60 days. There is nothing in the record to indicate that the trial court lacked jurisdiction to appoint the temporary guardian. Further, like in *Sherwood*, the record indicates that the requirements of the Probate Act were followed and that the court appointed a temporary guardian because the

condition of plaintiff's home was dangerous to her health and the health of her husband. See *In re Estate of Hasse*, 327 Ill. App. 3d 1057, 1060 (2002) (notice requirements for proceedings under section 11a-4 are within trial court's discretion and notice requirements for plenary guardianship are inapplicable where imposing such requirements would undermine the clear purpose of the provisions regarding temporary guardians, which is to attend to the immediate needs of the allegedly disabled person). Contrary to plaintiff's argument that Senior Services' withdrawal of its petition for guardianship established that the initial appointment was improper or sought with malicious intentions, the record indicates that the petition was withdrawn because plaintiff agreed to move to another home she owned that was not in a condition posing a threat to her health and safety. Accordingly, the facts that supported the temporary guardianship had changed, leading to an end to the need for a guardian, but that change did not render the temporary guardianship void.

¶ 17        We reject plaintiff's reliance on *Hurlbert* for support of her argument that collateral estoppel should not bar her from raising the issue that the temporary guardianship was improperly obtained. In *Hurlbert*, the supreme court considered whether the plaintiff could make a malicious prosecution claim that the defendant-policeman lacked probable cause to arrest him for driving under the influence (DUI) where the probable cause issue had been litigated in a statutory summary suspension hearing. *Hurlbert*, 238 Ill. 2d at 254. The supreme court concluded that collateral estoppel could apply because the same probable cause standard was required in both the malicious prosecution claim and the statutory summary suspension hearing. *Id.* at 255. However, it declined to bar the malicious prosecution claim, because summary suspension hearings were intended to be swift civil hearings, not full-blown hearings such as in a criminal trial. *Id.* at 257. In so holding, the supreme court discussed its earlier decision in *People v. Moore*, 138 Ill. 2d 162 (1990), and noted that its decision in *Moore* not to apply collateral estoppel in a subsequent driving under the influence prosecution was based in large part on the likelihood that the State, knowing that the results of a summary suspension hearing would be given preclusive effect, would be less likely to rely simply on police reports as evidence, but instead would call witnesses and conduct full-blown hearings. *Id.* at 167. That effect would defeat the purpose of a swift, administrative resolution to license suspensions. *Id.* at 169. The supreme court decided in *Hurlbert* that the same logic applied, and it did not want the preclusive effect of a summary suspension hearing to cause fear in parties such that they would conduct full-blown hearings instead of the swift hearings the statute had intended. *Hurlbert*, 238 Ill. 2d at 260.

¶ 18        The trial court in this case distinguished the facts of *Hurlbert* and found it limited to statutory summary suspension hearings. The trial court found that in this case, plaintiff was not seeking a review of facts as they had occurred in the past but rather a review of the procedure used in obtaining the order. We agree. Plaintiff does not allege that defendants had no reason to seek guardianship at the time, but rather she attacks the court's decision to appoint the guardian without notice to her and without a medical report. The attack is not on whether there was actual cause for the appointment of the guardian to protect her immediate welfare but rather on whether the court followed required procedures. We therefore find *Hurlbert* inapplicable to the case at bar.

¶ 19        Having determined that plaintiff may not now attack the trial court's temporary

-6-

guardianship order, we find that the false imprisonment claims cannot survive a section 2-619 attack. With a valid temporary guardianship order, defendants had reasonable grounds and legal authority to move plaintiff, against her will, to Asta Care Center for her protection. Thus, the false imprisonment claims cannot survive under the facts and circumstances of this case.

¶ 20    Moving on to plaintiff's malicious prosecution claims, such a claim requires a showing of the following elements: (1) the commencement or continuation of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for such proceeding; (4) the presence of malice on the part of the defendant; and (5) damages resulting to the plaintiff. *Reynolds*, 365 Ill. App. 3d at 818-19. Plaintiff alleged that Senior Services filed its petition to prevent her from contesting the petition seeking guardianship of her husband. She also alleged that the proceeding terminated in her favor, because the petition was eventually withdrawn. Plaintiff alleged that she suffered damages because of mental anguish and public embarrassment. However, because we determined that the temporary guardianship order was properly entered, plaintiff cannot satisfy the third element, that there was no probable cause for the petition being filed. The trial court heard from the parties that plaintiff's home was in such disarray that its condition posed a health and safety hazard to her. The trial court agreed and properly appointed a temporary guardian to protect plaintiff's immediate welfare. Accordingly, the malicious prosecution claims cannot stand under the facts of this case.

¶ 21    Next, we address plaintiff's abuse of process claims. "Abuse of process is defined as the misuse of the legal process to accomplish some purpose outside the scope of the process itself." *Kumar v. Bornstein*, 354 Ill. App. 3d 159, 165 (2004). "The *** elements necessary to plead a cause of action for abuse of process are: (1) the existence of an ulterior purpose or motive and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings." *Id.* "In order to satisfy the first element, a plaintiff must plead facts that show that the defendant instituted proceedings against him for an improper purpose, such as extortion, intimidation, or embarrassment." *Id.* "In order to satisfy the second element, the plaintiff must show that the process was used to accomplish some result that is beyond the purview of the process." *Id.* Under the facts alleged in this case, plaintiff's claims cannot stand where the petition for guardianship was sought to protect her welfare and where the trial court had determined that plaintiff's welfare was in immediate danger, warranting the appointment of a guardian. For this reason, plaintiff cannot plead that guardianship was sought for an improper purpose where a proper purpose was established in the trial court before the order was entered.

¶ 22    Finally, plaintiff's civil conspiracy claims cannot stand where there are no underlying intentional torts that defendants could have conspired to perform. Civil conspiracy is an intentional tort defined as a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means. *Reuter v. MasterCard International, Inc.*, 397 Ill. App. 3d 915, 927 (2010). "To state a claim for civil conspiracy, [the] plaintiff must allege facts establishing both (1) an agreement to accomplish such a goal and (2) a tortious act committed in furtherance of that agreement." *Id.* A conspiracy, by nature, is secretive, and therefore the agreement is

rarely established by direct proof. *Id.* at 927-28. Still, the plaintiff must allege sufficient facts to bring his claim, and conclusory allegations that the defendants agreed to achieve some illicit purpose are insufficient to sustain his claim. *Id.* at 928. Here, defendants acted pursuant to a valid temporary guardianship order and thus there could not have been a conspiracy to act for an unlawful purpose or unlawful means.

¶ 23    Regarding Parsons, we additionally find that plaintiff's claims of malicious prosecution and abuse of process are barred on the ground that he was acting as Senior Services' attorney. "Public policy requires that an attorney, when acting in his professional capacity, be free to advise his client without fear of personal liability to third persons if the advice later proves to be incorrect." *Schott v. Glover*, 109 Ill. App. 3d 230, 235 (1982). While this privilege is not absolute, a plaintiff carries the burden to overcome the privilege by pleading malice, meaning that the attorney intended to harm, which is independent of and unrelated to his desire to protect his client. *Id.* No such allegations substantiate or lead to an inference that Parsons independently maintained a desire to harm plaintiff by filing the petition for guardianship.

¶ 24                                    III. CONCLUSION
¶ 25    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 26    Affirmed.