IN RE CLAIM OF B. O. CLARK, Appellant, v. M. F. SAYRE, Administrator of the Estate of George R. Sayre, Deceased, Appellee.

Estates of Decedents ADMINISTRATORS: ATTORNEY FEES. The services of an attorney rendered an administrator cannot be established as a claim against the estate, under either Code, sections 3347 or 3415, but is a personal liability of the administrator which may be allowed him out of the estate as a necessary expense of its settlement.

*Appeal from Greene District Court.*—HON. S. M. ELWOOD, Judge.

FRIDAY, FEBRUARY 5, 1904.

B. O. Clark filed a claim for attorney's fees with the clerk of the district court against M. F. Sayre, as administrator of the estate of G. R. Sayre, deceased. The administrator demurred to the claim, and his demurrer was sustained. Claimant appeals from the ruling.—*Affirmed.*

*B. O. Clark* and *G. S. Toliver* for appellant.

*J. A. Henderson* for appellee.

DEEMER, C. J.—The claim is for services rendered the administrator by B. O. Clark, an attorney at law. In addition to the formal claim, there is a statement: "That said employment and services were all done at the special instance and request of the said M. F. Sayre, administrator of the estate of George R. Sayre, deceased. That said employment and services and money expended were proper and necessary for the interests of said estate, and even a part of the proper and necessary expenses and costs of said administration. That the said sum of three hundred dollars is a reasonable compensation therefor, and that the said administrator has failed, neglected, and refused to pay for the same, or any part thereof, except, after filing the claim and the service of the notice thereof on him, the said M. E. Sayre tendered and offered to pay said claimant the sum of forty dollars in full of his claim against the estate, which he refused to receive because not sufficient in amount. That no part of said claim has ever been paid, or in any manner satisfied or offered to be paid, except as aforesaid. That said sum of three hundred dollars is a proper, reasonable, and necessary expense and cost in the administration of the estate of the said George R. Sayre, deceased, and is entitled to be paid as a claim for expenses and costs of administration of said estate, and as a preferred claim against the said estate."

The services were rendered the administrator, and not the deceased, and the sole question in the case is whether the claim is one against the estate or against the administrator personally. If the latter, then the suit should have been brought against him personally. If the former, then the court was in error in sustaining the demurrer. There is a manifest distinction between debts of the decedent and liabilities contracted by his personal representative. The former are strictly claims against the estate, while the latter, although in the interest of and on behalf of the estate, is a personal liability of the representative. Of course, disbursements reasonable in amount and for necessary services will constitute a charge in favor of the representative against the estate, but, in the absence of statutory authority, a probate court has no jurisdiction to adjudicate between the personal representative and the claimant. It follows, then, that the estate is not liable to an attorney for his services at the instance of an administrator, but that the latter is himself liable in a suit by the attorney. There is little or no variation in the authorities on these propositions. *Rickel v. C. R. & P. R. R. Co.,* 112 Iowa, 153; *Wait v. Holt,* 58 N. H., 467; *Gurnee v. Maloney,* 38 Cal., 85 (99 Am. Dec. 352); *Austin v. Munroe,* 47 N. Y., 360; *Platt v. Platt,* 105 N. Y., 488 (12 N. E., Rep. 22); *Taylor v. Mygatt,* 26 Conn., 184; *Adams v. Adams,* 16 Vt., 228; *Thomas v. Moore,* 52 Ohio St., 200 (39 N. E. Rep. 803.)

This being the rule adopted in this jurisdiction, and by a majority of the courts of the country, we turn to the statutes to see if there is anything there which authorizes the proceedings adopted in this case. Two sections are relied upon by appellant, the first being 3347 of the Code of 1897, as follows: "As soon as the executor or administrator is possessed of sufficient means, over and above the expenses of administration, he shall pay off the charges of the last sickness and funeral of the deceased, and next any allowance made for the maintenance of the widow and minor children." There is

nothing here which even by implication authorizes an attorney to file his claim for services rendered against the estate. At most, it authorizes the administrator to pay for such services as a part of the costs of administration. If this should be taken as an indication of anything, it is that the administrator should pay, and is alone liable for, the expenses of administration. Surely there is nothing which indicates that a claim for attorney's fees rendered the administrator is a claim against the estate. The other section relied upon is 3415, which reads as follows: "Executors and administrators shall be allowed the following commission, upon the personal estate sold or disbursed by them, and for the proceeds of real estate sold for the payment of debts, which shall be received in full compensation for all ordinary services. For the first one thousand dollars five per cent. For the over plus between one and five thousand dollars two and one-half per cent. For the amount over five thousand dollars one per cent. Such further allowances as are just and reasonable may be made by the court for actual necessary and extraordinary expenses or services." This is simply declaratory of the general law already stated. It authorizes an allowance to an administrator for his actual, necessary and extraordinary expenses, which of course would include attorney's fees for services rendered the administrator. There is no thought in either of these sections of making these services claims against the estate. We have so recently adhered to and announced this rule that there is no need for further discussion.

The ruling on the demurrer was clearly correct, and it is AFFIRMED.