(Nos. 15584-15585.—Judgments affirmed.)

*In re* Estate of Winfield Scott Thurber.—(THE CORPORATION OF FINE ARTS BUILDING, Appellant, *vs.* THE CHICAGO TITLE AND TRUST COMPANY, Appellee.)

*Opinion filed February 19, 1924.*

1. ADMINISTRATION—*when claim for rent cannot be allowed as an expense of administration.* Before a personal representative can be allowed credit for such expenses as clerk hire and rent it must be shown that the expenditures were reasonably necessary for the benefit of the estate, and, unless such necessity is shown, a claim by the owner of the building in which the deceased conducted his business, for rent for the continued occupation of the building by the executrix for more than two years, cannot be allowed as an expense of administration.

2. SAME—*expense of administration is a personal liability of personal representative.* An expense of administration, although allowed as a debt of the deceased, is a matter which arises out of the action of the personal representative, and the representative necessarily incurs a personal liability to discharge the obligation.

3. SAME—*personal representative cannot create debt against estate of deceased.* An executor or administrator has no power, in such capacity, to create a debt against the estate of the deceased, and, with the exception of funeral expenses, debts created after the death of the testator cannot be filed as claims against his estate.

4. SAME—*proper mode of meeting legitimate expenses of administration.* The proper mode of meeting legitimate expenses of administration is for the personal representative to make the necessary disbursements, for which he will be allowed credit in his accounts. (*Greene* v. *Grimshaw,* 11 Ill. 389, disapproved.)

Appeals from the First Division of the Appellate Court for the First District;—heard in that court on appeals from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding.

Tenney, Harding & Sherman, for appellant.

Bangs & Frankhauser, and Judah, Willard, Wolf & Reichmann, (Arthur M. Cox, of counsel,) for appellee.

Mr. Justice Thompson delivered the opinion of the court:

The Corporation of the Fine Arts Building filed a petition in the probate court of Cook county in which it alleged, among other things, that it was on March 31, 1915, and for several years prior thereto, the owner of a building known as 408 South Michigan avenue, in Chicago; that Winfield Scott Thurber during his lifetime was a tenant in possession of said building under a lease demising the building for a term of ten years ending April 30, 1919, at a monthly rental of $2166.67, payable in advance on the first day of each month; that a portion of the premises was occupied by Thurber for the exhibition and sale of paintings and other works of art; that the rest of the premises were sub-let by Thurber to other tenants; that Thurber died September 24, 1913, and five days later his widow, who was the sole beneficiary under his will, qualified as executrix of his estate; that claims were filed against the estate on account of rent from September 1, 1913, to October 1, 1914; that these claims were allowed as of the seventh class and that no question is raised concerning them; that there was entered October 1, 1913, in the probate court an order granting leave to the executrix to continue the business of deceased for a period of sixty days on condition that she would account for all profits and be personally liable for all losses; that no report of the conduct of the

business has been filed; that thereafter, November 12, an order was entered authorizing the executrix to sell the stock of goods of deceased in said business for not less than the appraised value of $61,910.50; that no report of the sale has been filed and that no sale was had in accordance with the terms of the order; that the executrix continued to occupy the premises and displayed and offered for sale from day to day in the premises the merchandise belonging to Thurber's estate; that Thurber had established a good will, the value of which, on account of the peculiar nature of the business, would have been lost if the executrix had moved from the premises; that it was necessary, in order to conserve and protect the estate, for the executrix to continue to conduct the business in the same location; that the rental value of the premises exceeded the rent reserved in the lease, and that the lease was an asset of the estate which could be preserved only by continued occupancy; that April 1, 1915, petitioner conveyed the premises by warranty deed to the trustees of the estate of Charles A. Chapin, deceased. The petition prays that allowance be made "for the fair rental value of the said premises from October 1, 1914, to April 1, 1915, as an expense of administration arising out of the necessary use and occupation of said building by said executrix for the benefit of said estate, the fair rental value of which your petitioner states is at least equal the rent reserved in the said lease." A similar petition was filed on behalf of the Chapin estate, asking that rent from April 1, 1915, to April 1, 1916, be awarded to it as an expense of administration, both petitioners praying that their claims be ordered paid prior to the claims of other creditors. The probate court held that the petitions were not sufficient in law to entitle petitioners to have the fair rental value of the premises allowed as an expense of administration. On appeal the circuit court sustained a demurrer to the petitions, and its judgments were affirmed by the Appellate Court. Certificates of importance having been granted, fur-

ther appeals are prosecuted to this court. The appeals have been consolidated here for hearing.

The subject matter of this litigation has been before this court in *Chicago Title and Trust Co. v. Fine Arts Building,* 288 Ill. 142, and on the former hearing we held that it was the function of an executor to close up an estate and not to continue to conduct a retail store business. The executrix in this case had no authority from the court to continue the business of deceased after December 1, 1913. Notwithstanding this, she continued the business for nearly two and one-half years, and incurred, aside from other heavy obligations, an obligation for rent that exceeded by several thousand dollars the total appraised value of the stock of merchandise. Petitioners acquiesced in this wrong-doing of the executrix and are certainly entitled to no special consideration. If they did not actually coerce her to continue the business by reason of the terms of the lease, they did not take steps to have the estate closed and their claims settled. Before the personal representative of a deceased person can be allowed credit for sums expended for clerk hire, rents, etc., it must be shown that the expenditures were reasonably necessary for the benefit of the estate. There are no facts alleged in the petitions before us which show that the rent charges incurred were beneficial to the estate or that they were reasonably necessary, nor do we conceive of any state of facts which would justify a personal representative in continuing to occupy a large building, only a portion of which was occupied by the business of the deceased, for two and one-half years in order to dispose of the merchandise on hand. It seems obvious to us that no situation could justify the expenditure of $60,000 for rent in order to hold the premises while the personal representative disposed of $60,000 worth of merchandise.

On the former hearing we also held that an expense of administration was a matter which arose out of the action of the personal representative and that it constituted a claim

against the representative. The costs attendant upon the administration are debts of the decedent only in the sense of constituting a necessary incident to the post-mortuary disposition of his property. Since they imply the act or contract of the person having charge of the administration, such person necessarily incurs a personal liability to discharge them. (2 Woerner on Administration,—3d ed.— sec. 356; *Vincent* v. *Morrison,* Breese, 227; *Brown* v. *Quinton,* (Kan.) 102 Pac. 242; *Clark* v. *Sayre,* 122 Iowa, 591, 98 N. W. 484; *Brown* v. *McGee's Estate,* 117 Wis. 389, 94 N. W. 363; *Thomas* v. *Moore,* 52 Ohio St. 200, 39 N. E. 803.) An executor has no power, in such capacity, to create a debt against the estate of the deceased, and debts created after the death of the testator cannot be filed as claims against his estate. (3 Schouler on Executors,— 6th ed.—sec. 2457; *Dinsmoor* v. *Bressler,* 164 Ill. 211.) A well-recognized exception to this rule is the claim for funeral expenses, which is not, strictly speaking, an expense of administration and which is not a debt of the decedent but is a charge against the estate imposed by law because of the peculiar necessities of the situation. This is a proper and necessary exception in view of the fact that burial must often be provided before an executor or administrator can be appointed. The proper mode of meeting legitimate expenses of administration is for the representative to make the necessary disbursements, for which he will be allowed credit in his accounts. The contrary view expressed in *Greene* v. *Grimshaw,* 11 Ill. 389, is not supported by authority and has never been followed in this State.

The Appellate Court properly affirmed the judgments of the circuit court dismissing the petitions, and its judgments are therefore affirmed.     *Judgments affirmed.*