In the Matter of the Estate of Carrie L. Desisles, Deceased.
4950 Powhatan Building Corporation, Claimant-Appellant, v. Dorothy Stone Mills, Successor Executrix of the Estate of Carrie L. Desisles, Deceased, Defendant-Appellee.

Gen. No. 49,951.

First District, First Division.

May 10, 1965.

195

Van Emden, Busch and Van Emden, of Chicago (George J. Van Emden, of counsel), for appellant.

Healy, Healy and McGurn, of Chicago (John D. Norcross, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This appeal presents the single question of whether cooperative apartment assessments, which accrued subsequent to the death of a proprietary leaseholder, constitute a claim for "expenses of administration" against the estate of the decedent.

Claimant, 4950 Powhatan Building Corporation, is the owner of an apartment building, operated under what is commonly called a "co-operative" arrangement. Prior to her decease, Carrie L. Desisles had purchased shares of stock in the claimant corporation and had entered into a proprietary lease with claimant. Under the terms of the lease, decedent, as "lessee," agreed to pay to claimant, "lessor," "One Dollar ($1.00)" and "an amount to cover the Lessee's proportionate share of the entire cash requirements (as hereinafter defined) of the Lessor during each and every year of the demised term . . . ," to be determined by the Board of Directors from time to time.

Decedent died on September 22, 1961; letters testamentary were granted on November 30, 1961; and the inventory was filed on January 19, 1962. On June 4, 1963, claimant filed its claim for $4,374 for "assessments owed on said lease as of March 31, 1963." The executrix answered that claimant, "for valuable consideration, agreed to extend the due date of said payments until said apartment was sold. Said apartment has not been sold . . . and that therefore, said assessments are not due at this time." On March 30, 1964,

claimant increased the amount of its claim, and it was allowed for $8,208.87.

On April 17, 1964, the executrix presented a motion to vacate the allowance order because of claimant's failure to file its claim within the nine-month statutory period. On May 1, 1964, claimant moved to reclassify its claim from the seventh class to the first class. A supporting affidavit stated that the claim "prosecuted herein accrued subsequent to the death of the decedent . . . and represents assessments, levied pursuant to . . . the proprietory lease . . . [and] constituted an expense necessary to preserve, protect and maintain an asset of the above captioned estate, to-wit: The apartment leased by decedent under said Proprietory Lease."

Subsequently, the court vacated its order allowing the claim and entered a further order which denied claimant's motion to reclassify its claim and dismissed the claim with prejudice. Claimant appeals, seeking the reinstatement of its claim and reclassification "from the seventh class to the first class."

Claimant contends "that the post-death accruals of assessments under the proprietary lease signed by decedent constitute 'expenses of administration' as a cost of preserving and maintaining an asset of the estate, i. e., the leasehold under the proprietary lease and the stock in Claimant owned by the estate. This claim would thus not be subject to the nine-month statutory bar," and "that 'expenses of administration' include much more than merely the costs of the legal proceedings in the Probate Court known as 'administration.' "

To show that "expenses of administration" include those needed to preserve and protect the property of the decedent pending administration, claimant cites 2 Woerner, The American Law of Administration, § 362, pp 1197, 1198 (3rd Ed 1923) ; 1A Horner, Probate Prac-

197

tice and Estates, § 401, p 65 (1961 Rev Vol); In re Watson, 148 NYS 902, 911 (Surr Ct 1914); In re Hincheon's Estate, 159 Cal 755, 116 P 47, 49 (1911), including 33 CJS, Executors and Administrators, § 235, p 1237. From these authorities, claimant argues that since the assessments were to be utilized to pay for taxes, interest, insurance, repairs, maintenance and other expenses of operation and upkeep, they were made "to preserve and protect the apartment building owned by the claimant corporation in which decedent owned . . . shares and in which building she held a leasehold," and if the expenditures were made directly by decedent's representative, "they would properly be 'expenses of administration' for which the representative would receive credit in his accounts, and which would not be subject to the statutory nine-month bar." Claimant further argues, "regardless of the uses of the funds, assessments under a proprietary lease constitute expenses of administration."

The executrix contends that the assessments, "neither contracted for nor acquiesced in by the personal representative of the estate, do not come within the purview of the statute providing for a preference for 'expenses of administration' or of the statute excepting such expenses from the requirement of being presented within nine months," and "could in no event be classified as expenses of administration absent a showing that these assessments were reasonably necessary for the benefit and preservation of the estate." Authorities cited include Chicago Title & Trust Co. v. Fine Arts Bldg., Corporation of, 288 Ill 142, 123 NE 300 (1919); Edwards v. Lane, 331 Ill 442, 163 NE 460 (1928), and others.

The procedure to be followed in asserting claims against estates of decedents, from filing to payment, is set forth in the various sections of article XVII of the Probate Act approved in 1939 (Ill Rev Stats 1963,

c 3). Section 202, entitled "Classification of Claims against Decedent's Estate," provides:

"All claims against the estate of a decedent shall be divided into classes in the manner following and shall be so classified by the court at the time of their allowance: . . . ."

Seven classes are designated in numerical order. Of these classes, the first is "funeral expenses and expenses of administration; . . . ." The seventh class is "All other claims."

Section 204, entitled "Limitations on Payment of Claims," provides:

"All claims against the estate of a decedent, *except expenses of administration* and surviving spouse's or child's award, not filed within 9 months from the issuance of letters testamentary or of administration, are barred as to the estate which has been inventoried within 9 months from the issuance of letters. . . . ." (Emphasis supplied.)

Section 213a, entitled "Continuation of Business," provides:

"Except as otherwise directed by the decedent in his will, if any, or except as otherwise provided by law, an executor, administrator or administrator to collect shall have authority, for the preservation and settlement of the estate of a decedent, without personal liability except for malfeasance or misfeasance for losses incurred, to continue the decedent's business during one month next following the date of the appointment, unless the court directs otherwise, and for such further time as the court from time to time may authorize on petition. . . . Obligations incurred or contracts entered into shall be entitled to priority of pay-

ment out of the assets of the business, but, without approval of the Probate Court first obtained, shall not involve the estate beyond these assets . . . ."

Initially, we believe that, for the purpose of determining the proper claim classification, the apartment assessments made under this proprietary lease should be considered as equivalent to charges for rent. Therefore, the authorities concerned with post-death rent claims are pertinent and provide a persuasive analogy.

■■■■ The term "expenses of administration" has generally been accepted as meaning routine costs of administering an estate, such as court costs, inheritance taxes, expenditures in discovering and preserving assets, and fees. Such claims are not considered "debts or obligations of the deceased chargeable against the decedent's estate." Generally, persons furnishing services for the estate look to the personal representative for payment, and he in turn may obtain credit for payments made as proper expenses of administration. The legitimate expenses of administration are properly charged against the assets of the estate, although they are not considered debts of the deceased. 19 ILP, Executors and Administrators, § 154.

In In re Estate of Thurber, 311 Ill 211, 142 NE 493 (1924), where rental expense incurred by an executrix in continuing decedent's business for two and one-half years was held not allowable as an expense of administration, it is said (p 214):

"Before the personal representative of a deceased person can be allowed credit for sums expended for clerk hire, rents, etc., it must be shown that the expenditures were reasonably necessary for the benefit of the estate. . . . On the former hearing we also held that an expense of

200

administration was a matter which arose out of the action of the personal representative and that it constituted a claim against the representative. The costs attendant upon the administration are debts of the decedent only in the sense of constituting a necessary incident to the post-mortuary disposition of his property. Since they imply the act or contract of the person having charge of the administration, such person necessarily incurs a personal liability to discharge them. . . . An executor has no power, in such capacity, to create a debt against the estate of the deceased, and debts created after the death of the testator cannot be filed as claims against his estate. . . . The proper mode of meeting legitimate expenses of administration is for the representative to make the necessary disbursements, for which he will be allowed credit in his accounts."

■■ We conclude that before a claim against the estate of a decedent can be classified as an "expense of administration," it must be proven to the satisfaction of the trial court that the charge incurred, or to be incurred, is reasonably necessary for the preservation and benefit of the estate. This determination requires the use of sound discretion, and a court of review should not interfere with the ruling unless the record shows a manifest abuse of discretion by the trial court.

■ Although, as stated in the affidavit of William S. Everett, the assessments may have been necessary to preserve and maintain an *"asset"* of the estate, the record does not show that the post-death assessment charges were beneficial to the estate. If such charges were permitted to be classified as "expenses of administration," as a matter of law, a modest estate, burdened with a cooperative apartment which proved difficult to sell, as is indicated here, could be

201

exhausted by these assessments to the detriment of other assets of the estate and the creditors and beneficiaries.

Examining the instant record in the light of the foregoing principles, we find no manifest abuse of discretion in the refusal by the trial court to reclassify this claim as an expense of administration or to reinstate it. Therefore, the order appealed from is affirmed.

Affirmed.

BURMAN, P. J. and KLUCZYNSKI, J., concur.