ESTATE OF WILLIAM H. CARSON, DECEASED, PATRICIA A. CARSON, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Carson v. Commissioner
Docket No. 6661-74.
United States Tax Court
T.C. Memo 1976-73; 1976 Tax Ct. Memo LEXIS 334; 35 T.C.M. (CCH) 330; T.C.M. (RIA) 760073; March 9, 1976, Filed Alan Rauh Orschel, for the petitioner. Steven S. Brown, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a deficiency in decedent's Federal estate tax in the amount of $500.50. The sole matter in controversy is whether a broker's commission and certain real estate taxes are deductible from decedent's gross estate as "expenses incurred in administering property not subject to claims", within the meaning of section 2053(b), I.R.C. 1954. All of the facts have been stipulated. William H. Carson ("decedent") died testate on October 21, 1971. His *336 wife, Patricia A. Carson, was duly appointed executrix of his will. At the time the petition was filed herein, she resided in Carbondale, Illinois. On the estate tax return a total gross estate was reported in the amount of $401,360.31 of which $297,875.53 consisted of insurance on decedent's life. All of the property included in decedent's gross estate passed to his wife. Aside from a marital deduction claimed in respect of the transfers to her, the only deductions claimed on the estate tax return were various amounts for "Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims" and for "Expenses Incurred in Administering Property Not Subject to Claims" totalling, respectively, $4,144 and $11,928.24. At the time of the decedent's death, he and his wife owned the residence at 724 South Madison in LaGrange, Illinois, as joint tenants with the right of survivorship. This property consisted of a three bedroom, one and one-half bath, brick Georgian colonial house situated on a lot measuring approximately 50 feet by 135 feet. It served not only as the residence of Mr. and Mrs. Carson but also as the part-time residence of their only son, who lived there with *337 them when he was not attending college. When Mr. Carson died, title to this property passed directly to Mrs. Carson by operation of law. It was not included as an asset in his probate estate. The property was reported along with other jointly owned property on Schedule E of the Federal estate tax return. It was described therein as a "joint tenancy" and its value at the time of death was stated to be $41,000. After her husband's death, and with her only son away at college, Mrs. Carson decided that she no longer needed a residence of that size. Thus, in her individual capacity, she sold it for $44,000, pursuant to a real estate sales contract dated March 2, 1972. The contract provided that the seller, Mrs. Carson, was to pay a broker's commission to a designated realtor in the amount of 7 percent of the selling price, and that "PRORATIONS of General Real Estate taxes and other items if any shall be to the date of closing". On the portion of the decedent's Federal estate tax return entitled "Schedule L - Net Losses During Administration and Expenses Incurred in Administering Property Not Subject to Claims", the following deductions relating to the sale of the LaGrange property *338 were claimed: 1971 Real Estate Taxes
$1,016.16
1972 Real Estate Taxes to 6/8/72
444.57
Real Estate Commission on sale
of 724 S. Madison, LaGrange,
Illinois
3,080.00
In his deficiency notice the Commissioner determined that the "real estate commission * * * in the amount of $3,080 is not deductible as an administration expense under section 2053 of the Internal Revenue Code since it was not paid for the benefit of the estate." Furthermore, he disallowed the deduction for the 1972 real estate taxes, stating that they were neither "a lien on the property at date of death" nor "paid for the benefit of the estate as required by section 2053 of the Internal Revenue Code." Petitioner contends that both the broker's commission and the 1972 taxes were expenses incurred in selling the LaGrange property, and that, as such, they constituted deductible "expenses incurred in administering property not subject to claims", within the meaning of section 2053 and the regulations thereunder. The Government, on the other hand, argues that to the extent these items might be properly characterized as selling expenses, they nevertheless *339 do not constitute deductible administration expenses inasmuch as they were incurred by Mrs. Carson for her personal benefit and were not essential to the proper administration of property includable in her husband's gross estate. Moreover, in respect of the $444.57 representing 1972 real estate taxes, the Government contends further that the deduction of this amount under section 2053 is specifically precluded by section 2053(c)(1)(B) of the Code and section 20.2053-6(a) and (b) of the Estate Tax Regulations. We hold that the expenses incurred in selling the property do not constitute administration expenses within the meaning of section 2053; as a result, all such expenses, including broker's commissions and real estate taxes (assuming arguendo that the latter may qualify as expenses of sale, as urged by petitioner), are not deductible. In the circumstances we need not pass upon respondent's alternative contention that the deduction of the 1972 real estate taxes is in any event foreclosed. [1]
*340 Section 2053 of the Code provides as follows: SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES. (a) General Rule.--For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts-- (1) for funeral expenses, (2) for administration expenses, (3) for claims against the estate, and (4) for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate, as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered. (b) Other Administration Expenses.--Subject to the limitations in paragraph (1) of subsection (c), there shall be deducted in determining the taxable estate amounts representing expenses incurred in administering property not subject to claims which is included in the gross estate to the same extent such amounts would be allowable as a deduction under subsection (a) if such property were subject to claims, and such amounts are paid before the expiration *341 of the period of limitation for assessment provided in section 6501. (c) Limitations.-- (1) Limitations Applicable To Subsections (a) and (b).-- (A) Consideration for claims.-- * * * (B) Certain taxes.--Any income taxes on income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes, shall not be deductibe under this section. Generally, section 2053 distinguishes expenses of administering the probate estate, deductible under subsection (a), from expenses incurred in administering nonprobate assets, which are deductible under subsection (b). Mary E. Burrow Trust,39 T.C. 1080, 1087, affirmed 333 F. 2d 66 (C.A. 10); cf. Estate of Maurice Gustave Heckscher,63 T.C. 485, 498-499; H. Rept. No. 1337, 83d Cong., 2d Sess., p. 91; Hearings on H.R. 8300 Before the Senate Comm. on Finance, 83d Cong., 2d Sess., p. 73. Since the LaGrange property was not included in the decedent's probate estate it would appear that section 2053(b) governs in respect of the deductions here in dispute. In the circumstances of this case, however, the distinction between *342 these types of administration expenses losses its significance. For aside from a limitation on the time by which amounts representing expenses incurred in administering property not subject to claims must be paid to be deductible thereunder, section 2053(b) provides that a deduction for such amounts shall be allowed "to the same extent such amounts would be allowable as a deduction under subsection (a) if such property were subject to claims". This requirement of like standards by which the deductibility of each type of administration expense is to be determined is echoed in the regulations. Secs. 20.2053-1(a)(2) and 20.2053-8(a). In respect of expenses incurred in administering a decedent's probate estate, the regulations describe in some detail the type of expenses contemplated by the use of the term "administration expenses" in the Code. Section 20.2053-3(a), Estate Tax Regs., provides that, generally, only those expenses "actually and necessarily incurred * * * in the collection of assets, payment of debts, and distribution of property to the persons entitled to it" qualify as administration expenses deductible under section 2053(a). The expenses meeting this test are those attending *343 the settlement of the estate and the distribution of property therein to the appropriate beneficiaries, individually or in trust. They are to be sharply distinguished from those "expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees or devisees". Sec. 20.2053-3(a), Estate Tax Regs. After setting forth these general principles, the regulations go on to consider their application to specific types of administration expenses including expenses of selling property in an estate. As to such expenses they provide as follows: Sec. 20.2053-3 Deduction for expenses af administering estate. * * * * *
(d) Miscellaneous administration expenses. * * * * *
(2) Expenses for selling property of the estate are deductible if the sale is necessary in order to pay the decedent's debts, expenses of administration, or taxes, to preserve the estate, or to effect distribution. The phrase "expenses for selling property", includes brokerage fees and other expenses attending the sale * * *. Although the context and language of this regulation suggest that it encompasses only expenses of selling probate assets, in accordance *344 with the statutory requirement that all administration expenses be judged by like standards, the regulations also provide that "[the] principles set forth in paragraphs (b), (c), and (d) of sec. 20.2053-3 * * * are applied in determining the extent to which * * * miscellaneous administration expenses are allowed in connection with the administration of property not subject to claims." Sec. 20.2053-8(c), Estate Tax Regs. Moreover, the parties agree that the rule in section 20.2053-3(d)(2) governs the deductibility of the expenses of selling the LaGrange property, though with different consequences in their respective opinions. In particular, petitioner contends that the sale was necessary "to preserve the estate" because Mrs. Carson no longer needed the property, or alternatively, that it was necessary "to effect distribution" of that asset. In our judgment these contentions are without merit. The rule in section 20.2053-3(d)(2) plainly reflects the general principle that, to be classified as administration expenses, expenditures must relate to the winding up of the decedent's affairs, that is, to the disposition of his property, whether it be to creditors or beneficiaries. Cf. *345 sec. 20.2053-3(a), Estate Tax Regs. There must be a sufficient nexus between the outlays and the process which begins at decedent's death and has as its goal the settlement of his obligations and transfer of any remaining property to his beneficiaries. Cf. Estate of David Smith,57 T.C. 650, 661-662, affirmed 510 F. 2d 479 (C.A. 2), certiorari denied U.S. ;Estate of Christine Swayne43 T.C. 190, 201; Mary E. Burrow Trust,supra,39 T.C. 1080, 1088-1089. However, this process does not include the subsequent personal decisions of those beneficiaries to sell rather than retain the property they receive. Thus, for expenses of selling property included in the gross estate to satisfy the test the sale must be necessary to the proper disposition of decedent's assets. Insofar as the LaGrange property is concerned, however, the process of transferring ownership was completed long before its sale. By operation of law ownership of the property had already been vested in the intended beneficiary, Mrs. Carson. The house had become entirely hers to do with as she pleased. Her decision to sell it reflected her personal *346 judgment about the management of her own property. Since the sale was completed solely for her personal benefit and not as a necessary step in the post-death disposition of her husband's property, the expenses incurred in connection with it do not constitute administration expenses deductible under section 2053. [2]
*347 To complete our consideration of this case, however, we must also touch upon another matter. Although in its brief, petitioner focused principally on its contention that the expenses of selling the LaGrange property are administration expenses within the meaning of the regulations, it also obliquely referred to the decision of the Court of Appeals for the Sixth Circuit in Estate of Park v. Commissioner,475 F. 2d 673 (C.A. 6), reversing 57 T.C. 705, apparently for the proposition that the requirements of the Commissioner's regulations need not be satisfied for expenses to be administration expenses deductible under section 2053 of the Code. In that case the Sixth Circuit reversed a decision of this Court in which we had sustained the disallowance of an estate tax deduction for expenses incurred in selling certain real estate on the ground that the requirements of the regulations had not been satisfied. In so doing, the Sixth Circuit considered only whether, as required by section 2053, the expenses were allowable by the laws of Michigan under which that particular estate was being administered. 475 F. 2d 677. Whether state law alone *348 governs the deductibility of administration expenses is a matter on which courts have expressed differing opinions. Compare Pitner v. United States,388 F. 2d 651, 659 (C.A. 5), and Estate of David Smith,57 T.C. 650, 661, affirmed 510 F. 2d 479 (C.A. 2), certiorari denied U.S. , with Estate of Park v. Commissioner,supra, and Ballance v. United States,347 F. 2d 419 (C.A. 7); cf. Estate of Joseph Vatter, 65 T.C. .We need not, however, take a position on this question here. Even if the Sixth Circuit were correct in Estate of Park, it nevertheless remains that the expenses in question must be allowable under state law, a matter wholly ignored by petitioner. It appears to us that the requirements of Illinois law are quite similar to those in the Commissioner's regulations. In determining whether the decedent's representative is entitled to credit for expenses, Illinois law requires that the expenditures be necessary to the settlement of the estate. Edwards v. Lane,331 Ill. 442, 163 N.E. 460; In re Estate of Thurber,311 Ill. 211, 142 N.E. 493; *349 cf. Ballance v. United States,supra,347 F. 2d 419 (C.A. 7); In re De Sisles' Estate,59 Ill. App. 2d 194, 208 N.E. 2d 122. As we have already concluded, no such finding is warranted in respect of the expenses incurred in selling the LaGrange property. Decision will be entered for the respondent.
Footnotes
1. However, we do note that there is strong support for the position that such taxes are not deductible. Section 2053(c)(1)(B), I.R.C. 1954, provides explicitly that "* * * property taxes not accrued before his [decedent's] death * * * shall not be deductible under this section". Moreover, section 20.2053-6(b), Estate Tax Regs., states that "Property taxes in order to be deductible must be an enforceable obligation of the decedent at the time of his death". And under applicable state law -- Ill. Ann. Stat., ch. 120, sections 508(a) and 697 (Smith-Hurd 1970) -- it would appear that liability for property taxes prior to January 1, 1972, had accrued against the decedent, but not property taxes accruing thereafter. This would explain the Commissioner's allowance of the deduction for 1971 property taxes, while at the same time disallowing the deduction for 1972 property taxes by reason of the limitation contained in section 2053(c)(1)(B)↩ of the Code.
2. Despite petitioner's contention to the contrary, we find nothing in the last sentence of the following example in section 20.2053-8(d), Estate Tax Regs., which is inconsistent with the position taken by respondent herein. Example (4). If, in the preceding example, the decedent died without other property and no executor or administrator of his estate was appointed, so that it was necessary for the trustee to prepare an estate tax return and participate in its audit, or if the trustee required accounting proceedings for its own protection in accordance with local custom, trustees', attorneys', and guardians' fees in connection with the estate tax or accounting proceedings would be deductible to the same extent that they would be deductible if the property were subject to claims. Deductions incurred under similar circumstances by a surviving joint tenant or the recipient of life insurance proceeds would also be deductible. The circumstances of this case are hardly similar to those in the example.↩