MARSHALL PUHRMAN, Plaintiff-Appellant, *v*. CONSTANCE VER VYNCK, Defendant-Appellee.

First District (1st Division)    No. 80-1885

Opinion filed August 31, 1981.

O. Kenneth Thomas, of O. Kenneth Thomas, Ltd., of Harvey, for appellant.

Gary R. Williams, of Williams, Jesk & Associates, Ltd., of Crestwood, for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Plaintiff Marshall Puhrman appeals from an order of the circuit court denying his motion for a summary judgment and granting defendant's motion to dismiss his complaint with prejudice. On appeal, plaintiff contends that the trial court erred in entering that order. We find that the trial court erred in granting defendant's motion to dismiss the complaint but was correct in denying plaintiff's motion for summary judgment.

Since the complaint was dismissed prior to trial, we discern the following facts from the pleadings herein. A house trailer owned by Joseph L. Davis was situated on lot No. 19 within a trailer park in Hazelcrest which was owned and perhaps also managed by plaintiff. The record does not disclose whether Davis had a lease for the lot or provided consideration for the use of plaintiff's land.[1] Davis died on February 22, 1978, and defendant Constance Ver Vynck was appointed administrator of his estate. On September 29, 1978, letters of office were issued authorizing defendant to take possession of Davis' estate. Defendant listed the house trailer when she filed an inventory of the estate's assets on February 2, 1979.

On November 15, 1979, plaintiff filed a forcible detainer complaint with a rent claim against defendant personally for possession of lot No. 19 in the trailer park and for rent from August 1, 1978, to November 30, 1979. The parties agreed to a judgment for possession of the premises, but the rent issue remained contested. As stated above, the trial court denied plaintiff's motion for summary judgment on the rent issue and granted defendant's motion to dismiss the complaint with prejudice.

---

[1] The Mobile Home Landlord and Tenant Act, effective January 1, 1980, requires one who offers lots for rent in a mobile home park to provide the tenant with a written lease. Ill. Rev. Stat. 1979, ch. 80, par. 201 *et seq.*

## I

Plaintiff's argument is as follows: defendant, as administrator, succeeded as titleholder of Davis' personal property, which title took effect by relation back as of the date of Davis' death. She subsequently incurred a rent obligation to plaintiff which was not a claim against decedent's estate. Rather, it was a personal obligation of the administrator, for which she may or may not receive credit from the estate as an "expense of administration."

Plaintiff acknowledges that he had no rental agreement with defendant but asserts that his right to recover is authorized by the landlord-tenant statute (Ill. Rev. Stat. 1977, ch. 80, par. 1), which grants the owner of land the right to recover rent when his land is held and occupied by any person without any special agreement for rent.

Defendant's position is that the rental obligation, if any, is a "claim against the decedent's estate." As such, defendant asserts the claim should have been filed in the proceeding for the administration of the estate, and it is now barred by the statute of limitations which ran 6 months from the issuance of letters of administration or about March 29, 1979. (Ill. Rev. Stat. 1977, ch. 110½, pars. 18—1(a) and 18—12.) Further, she argues that, in any event, plaintiff is a creditor of the decedent, and she is not personally liable for a claim of a creditor of the decedent.

The primary issue which we must initially address is whether the rental obligation which began to accrue 6 months after decedent's death is a debt of decedent or a personal obligation of his administrator. The following general rules, which we will expand below, govern resolution of this case. If the rent was a debt of the decedent, then plaintiff was required by statute to file his claim in the proceeding for administration of the estate, and, as defendant argues, it is now barred by the statute of limitations. (Ill. Rev. Stat. 1977, ch. 110½, pars. 18—1(a) and 18—12.) If not, plaintiff may pursue his remedy against the administrator of the estate personally. (19 Ill. L. & Prac. *Executors & Administrators* §281 (1956).) In the latter instance the administrator in turn may petition the trial court for a finding that the amount of the claim was necessary for the preservation of the assets of the estate. In the event the trial court agrees, then the administrator may receive a credit allowance from the estate to reimburse her for the obligation as an "expense of administration." *In re Estate of Thurber* (1924), 311 Ill. 211, 214-15, 142 N.E. 493; *In re Estate of Desisles* (1965), 59 Ill. App. 2d 194, 208 N.E.2d 122.

■■ ■ Only an action on a claim against a decedent which arose in his lifetime lies against the administrator in his representative capacity. A claim which wholly accrues during the period of administration is a personal liability of the administrator. (19 Ill. L. & Prac. *Executors & Administrators* §281 (1956).) There is nothing in the record to suggest that

at the date of Davis' death plaintiff had a right of recovery against him on the rent claim. It is not alleged to have arisen out of a lease or other agreement between plaintiff and decedent. In fact, there is no demonstration of any nexus between plaintiff and decedent at all. Consequently, plaintiff cannot be characterized as having been a creditor of decedent or of his estate. Nor can a subsequently incurred debt become a claim against the estate retroactively. The Illinois Supreme Court has stated:

"An executor has no power, in such capacity, to create a debt against the estate of the deceased, and debts created after the death of the testator cannot be filed as claims against his estate." (*In re Estate of Thurber*, at 215.)

Accord, *Dinsmoor v. Bressler* (1896), 164 Ill. 211, 221, 45 N.E. 1086.

■■■ Different treatment has been suggested for debts incurred by the decedent. A claim for an obligation of the decedent which is fixed or vested, but not due as of his death, may be filed against his estate and is barred if not presented within the statute of limitations. However, debts of a decedent which accrue or mature after his death, but which may never come due, are merely contingent claims. The holder of a contingent claim is not a creditor of the estate (*Chicago Title & Trust Co. v. Fine Arts Building*, (1919), 288 Ill. 142, 156, 123 N.E. 300) and cannot successfully file a claim against decedent's estate. (See 1A Horner, Probate Practice and Estates §403 (4th ed. 1977).) Our supreme court has made it clear that the right of recovery for initially contingent claims, once they vest subsequent to the running of the statute of limitations, is against the administrator personally. The court stated, "The fact that such claim cannot be proved against an estate does not bar the claimant from bringing an action against the representative, personally, or the heirs of the deceased, for installments that actually accrue under the contract of the deceased." *Chicago Title & Trust Co. v. Fine Arts Building*, at 157.

■■ Accordingly, we conclude that plaintiff was not a creditor of the decedent. Plaintiff's proper course of action was to pursue his remedy against the administrator personally, and he is not barred by the statute of limitations applicable to filing claims against a decedent's estate.

■■ We note that in order to avoid an unduly harsh penalty in the form of personal liability, if a claim against an administrator personally is found by the trial court to qualify as an "expense of administration," the executor or administrator has a right of reimbursement from the estate. "The legitimate expenses of administration are properly charged against the assets of the estate, although they are not considered debts of the deceased." (*In re Estate of Desisles*, at 200.) Expenses of administration arise out of the action of the personal representative and consist of those expenses which the representative incurs incident to the disposition of a decedent's property. (*In re Estate of Thurber*, at 214-15.) The trial court

must make the determination of which charges incurred by a personal representative are subject to reimbursement as expenses of the administration. (*Chicago Title & Trust Co. v. Fine Arts Building*, at 142.) They may include the "routine costs of administering an estate, such as court costs, inheritance taxes, expenditures in discovering and preserving assets, and fees." (*In re Estate of Desisles*.) However, in order to qualify as an expense of administration, the personal representative must demonstrate to the satisfaction of the trial court that the charge was reasonably necessary for the preservation and benefit of the estate. *In re Estate of Desisles*, at 201; see *In re Estate of Thurber* (1924), 311 Ill. 211, 214.

## II

Plaintiff next argues that the trial court erred in denying his motion for summary judgment. The Illinois Civil Practice Act provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ill. Rev. Stat. 1977, ch. 110, par. 57(3).

■■ Plaintiff's motion for summary judgment on the rent issue pertains to lot No. 19 in the trailer park. In his affidavit, however, plaintiff alleged that the subject house trailer had been located on lot No. 18 since February 22, 1978, and that no payments had been received from defendant for lot No. 18 since August 1, 1978. Defendant filed an answer to the motion denying certain factual allegations. Since plaintiff's affidavit does not support his motion for summary judgment because it relates to a different lot than does his motion or his complaint, we find that there were material issues of fact in dispute, and the trial court did not err in denying his motion for summary judgment.

Accordingly, we remand this matter for a hearing on the questions of whether and on what dates the house trailer was located on plaintiff's land, for a determination of the fair rental value of plaintiff's land, and for an adjudication of whether the rental expense was necessary and beneficial to the preservation of the assets of Davis' estate so as to authorize defendant's reimbursement from the estate as an expense of administration.

Affirmed in part; reversed in part and remanded.

CAMPBELL, P. J., and O'CONNOR, J., concur.