MICHELLE RENE WEST, Plaintiff-Appellee, v. DAYMOND WEST *et al.*, Defendants-Appellants.

Fifth District   No. 5—91—0346

Opinion filed June 9, 1992.

Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C., of Alton, for appellants.

Michelle Rene West, of Bethalto, appellee *pro se*.

JUSTICE HENRY LEWIS delivered the opinion of the court:

The plaintiff, Michelle West, filed a small-claim complaint on October 23, 1990, against the defendants, Daymond West and Judith West, for the sum of $650 for certain stereo speakers or for their return. The defendants are the parents of her former spouse, Daymond Leon West, who was killed in a motorcycle accident on September 21, 1990. The marriage of the plaintiff and the decedent had been dissolved; disposition of their property had been effected by an order of the trial court entered on August 8, 1990, in case No. 89—D—242 in Madison County. In that order the trial court awarded the speakers in question, together with certain other items, to the plaintiff's former husband, stating in the order, "It is the understanding of the parties that there was no indebtedness with respect to said items; however, should there be any indebtedness, the Defendant [Daymond Leon West] will be responsible for same and save and hold the Plaintiff [Michelle West] harmless from any liability thereon." The order provided further:

> "Additionally, in regards to debts, the Plaintiff will provide copies from the credit card companies with which the parties had a credit account at the time of the separation, indicating the debtedness owed at the time of the separation. With the exception of the aforementioned $600.00 [for the purchase of tires for Daymond Leon West's vehicle], any indebtedness existing at the time of the separation shall be equally divided between the parties and each of them shall pay and be responsible for one-half (1/2) of said debts and shall save and hold the other party harmless from any responsibility thereof. Any debts incurred

after the separation of the parties, will be the responsibility of the party incurring said indebtedness."

The credit card debt of the parties included the debt for the purchase of the speakers awarded to Daymond Leon West.

When the decedent died, the speakers were in the plaintiff's possession. A few days later the decedent's mother, the defendant Judith West, asked the plaintiff for the speakers and received them from her. Shortly thereafter, the plaintiff sought payment of the bill for the speakers and, alternatively, their return. The speakers remain in the defendants' possession. No estate was opened for Daymond Leon West. At the bench trial the plaintiff indicated that she owes approximately $4,400 in marital debts, one half of which was to be paid by the decedent pursuant to the trial court's order disposing of the property of plaintiff and Daymond Leon West.

Following the trial, the trial court entered judgment in favor of the plaintiff and against the defendants in the sum of $400, which represented the value of the speakers at that time. The trial court denied the defendants' post-trial motion. The defendants appeal, presenting two issues for review: (1) whether parents of a deceased adult child may be held liable individually for that child's debts arising out of a judgment of dissolution of marriage and (2) whether a spouse has a property interest in personalty awarded to a former spouse to insure performance of provisions pertaining to the disposition of their property.

With respect to the first issue they present, the defendants contend that, assuming plaintiff has a claim for the unpaid credit card balances, the question to be addressed is against whom this claim may be asserted. The defendants argue that plaintiff's claim should have been, and still could be, presented as a claim against the estate of Daymond Leon West. The plaintiff, who appeared *pro se* in the trial court as she does here, maintains that justice is better served by ordering the defendants to pay for the property they took from her: "They continue to receive the benefit and use of the speakers while [plaintiff] pays for the speakers." In her brief she cites us to no authority.

Our disposition turns on the question whether the obligation for payment of the debt for the speakers is a debt of the decedent or a personal obligation of the defendants. If the debt was the decedent's, plaintiff was required by statute to file her claim in the proceeding for the administration of the estate. (See *Puhrman v. Ver Vynck* (1981), 99 Ill. App. 3d 1130, 426 N.E.2d 921.) To be allowed as a claim against an estate, a claim must be based upon an absolute lia-

bility of the deceased, although the liability does not accrue during the statutory claims period. (*In re Estate of Morrow* (1986), 150 Ill. App. 3d 500, 501 N.E.2d 998.) If a claim is of such a character that it could have been presented to and allowed against the administrator, the holder is barred from pursuing the assets, real or personal, into the hands of the heirs, devisees, or the administrator. (*Union Trust Co. v. Shoemaker* (1913), 258 Ill. 564, 101 N.E. 1050.) The law having given a remedy in such a case, it must be pursued. *Union Trust Co. v. Shoemaker* (1913), 258 Ill. 564, 101 N.E. 1050.

■ In the instant case, the cause of action against the defendants is based upon an absolute liability of the deceased, established by the judgment entered with respect to the dissolution of the marriage of the plaintiff and Daymond Leon West. There is no contention here that the claim arose out of any agreement between the plaintiff and the defendants herein. Nor is there any suggestion by plaintiff that the decedent's parents are legally responsible for the debt of their adult child. Under the circumstances, the claim is of such a character that it could have been presented to the administrator of the decedent's estate. As the defendants point out, section 9—3 of the Probate Act of 1975 (Ill. Rev. Stat. 1989, ch. 110½, par. 9—3) provides that a creditor of an estate is a person entitled to preference in obtaining the issuance of letters of administration. The plaintiff had, and still has (see section 18—12 of the Probate Act of 1975 (Ill. Rev. Stat. 1989, ch. 110½, par. 18—12)), a remedy afforded by the Probate Act for her claim against the decedent's estate. The trial court erred in entering judgment in her favor and against the defendants in this cause. Therefore, the judgment is reversed. In light of our disposition with regard to this issue, we need not consider the other issue the defendants raise on review.

Reversed.

WELCH and CHAPMAN, JJ., concur.