NOTICE

Decision filed 05/08/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230694-U

NO. 5-23-0694

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* ESTATE OF LEOLA SYKES, Deceased | ) | Appeal from the |
| | ) | Circuit Court of |
| (Carnella Sykes, | ) | St. Clair County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 17-P-849 |
| | ) | |
| Blake Meinders, Administrator, | ) | Honorable |
| | ) | Thomas B. Cannady, |
| Respondent-Appellee). | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not abuse its discretion when it denied a daughter's claims against the intestate estate of her late mother, for the daughter's claims stemmed from actions that were not for the benefit of the estate.

¶ 2    Carnella Sykes appeals, *pro se*, from an order of the circuit court that denied her claims against the intestate estate of her late mother, Leola Sykes. The estate has not filed an appellee's brief.[1] For the following reasons, we affirm.

_____

[1]We may address the merits of the appeal notwithstanding the absence of an appellee's brief where the record is simple and the appellant's claims of error may easily be decided without an opposing brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

1

¶ 3                                BACKGROUND

¶ 4      Background information on this case is derived principally from the common law record. Although the common law record indicates that several hearings were held in this case, no transcripts of those hearing are included in the record on appeal, save for a transcript of the hearing held on August 29, 2023, the last hearing before this appeal was perfected. (A summary of that hearing appears *infra*.)

¶ 5      Leola Sykes (the decedent) died intestate on November 15, 2017. She had five children, including Carnella Sykes (Carnella) and Theresa Sykes (Theresa). The estate consisted of the decedent's house in East St. Louis, Illinois, which was the subject of a mortgage, later foreclosed, various items of tangible personal property, and a bank account of some type. At first, Theresa was appointed the administrator of the estate. Carnella sought to have Theresa removed as administrator, for alleged waste and mismanagement. Eventually, the circuit court appointed Blake Meinders, the public administrator, as the administrator of the estate. At the early stages of litigation in this decedent's estate case, Carnella was represented by counsel, first by attorney P.K. Johnson V and then by attorney Beth K. Flowers. Starting in November 2018, Carnella acted *pro se*. In January 2020, the court entered a judgment in favor of Robert G. Wuller Jr., and against the estate, in the amount of $18,062.47, for the legal services he had performed on behalf of the estate. The common law record certainly creates the impression that this case was contentious for most or all of its duration, especially between Carnella and Theresa.

¶ 6      On November 17, 2022, Carnella filed a *pro se* motion to have her attorney fees paid by the estate. She requested $2300 for attorney P.K. Johnson V and $2700 for attorney Beth K. Flowers (for a total of $5000 in attorney fees). No document from either attorney, or from anyone else, was attached to the *pro se* motion.

¶ 7    On April 20, 2023, the circuit court set a hearing on "all pending issues" for August 29, 2023. On August 29, 2023, the hearing was held. Carnella appeared *pro se*. The estate's administrator, Blake Meinders, and Theresa also appeared. At the start of the hearing, Carnella clarified that she sought from the estate the payment of her attorney fees, plus reimbursement for $9000 in travel expenses relating to attending hearings in this case.

¶ 8    Carnella called Theresa as a witness. The acrimony between Carnella and Theresa was apparent. However, as the judge himself indicated, Theresa's testimony did not contain anything relevant to Carnella's claims against the estate.

¶ 9    On her own behalf, Carnella testified that she had hired counsel to dispute "an alleged will" signed by her mother on September 12, 2017. "Had it not been for this document," Carnella said, "we would not be in court today." When the judge asked to see the alleged will, Carnella produced it for him. In response to the judge's queries, Carnella indicated that her niece had attempted to have the document admitted as a will in probate but the court had "rejected" it. When the judge pointed out that the document bore the signature of only one witness, Carnella concurred. (This court notes that a will, to be valid, must have "2 or more credible witnesses." 755 ILCS 5/4-3(a) (West 2022)). Then, the judge opined that "any attorney" would have been able to "address" that issue "in a very short period of time." Carnella replied, "that sounds logical, Your Honor." The colloquy between the judge and Carnella continued:

"THE COURT: So you're asking for $9,000 [*sic*] for the combination of PK Johnson, the Fifth and for Beth Flowers of Mathis, Marifian to address that issue?

MS. CARNELLA SYKES: That issue, Your Honor, carried on for six years. I did—

THE COURT: Well, only because distribution of the assets, not who's going to receive the assets because if there is not a valid will then the assets are going to go by way

3

of intestate succession which means each of the heirs at law would receive pursuant to intestate succession laws.

> MS. CARNELLA SYKES: And that would have been fair and just but that never occurred.

> THE COURT: What never occurred?

> MS. CARNELLA SYKES: The attorney never—the attorney for my—my sister never—as administrator, they were administrator over the estate, they never made any recommendations or negotiations to settle the estate.

> I agree with the Court, the estate should have been settled right after this will was not entered into evidence or used—

> THE COURT: Well, we're going to let the record speak for itself, including but not limited to the voluminous filings of pleadings, the voluminous number of court hearings, including but not limited to the hearings that I conducted as it pertains to the attorney's fees being requested by Mr. Wuller."

When the judge asked Carnella whether P.K. Johnson V and Beth K. Flowers had represented her "as an heir," Carnella answered, "That is correct, Your Honor." Carnella testified that her two attorneys had done "an excellent job" in "helping to push this estate forward," and that she was "fighting for my attorneys." At that point, the judge stated, "Well, your attorneys haven't filed claims in this case. You have."

¶ 10    In regard to travel expenses, Carnella testified that they included air fare, hotels, and rental cars, and all of those expenditures were related to her attending the various hearings in this case. Carnella did not offer any exhibits at the August 29, 2023, hearing—either on the issue of attorney fees or travel expenses.

¶ 11    At the close of the hearing, the judge denied Carnella's claims. The judge explained his ruling as follows: "Clearly the attorney's fees and costs incurred whether they be reasonable or not the Court makes no ruling as to that issue or attorney's fees and costs incurred as her role of an heir [*sic*]. It is not in furtherance of the estate."

¶ 12    Finally, the judge directed Meinders, the administrator of the estate, to prepare a final report of the decedent's estate. Immediately after the hearing, the judge entered a written judgment that reflected his oral pronouncements. On September 18, 2023, Carnella filed a notice of appeal.

¶ 13                                    ANALYSIS

¶ 14    This appeal is from an order, entered on August 29, 2023, that denied Carnella's claims for attorney fees and travel expenses against her mother's intestate estate. For this court to reverse a decision of the circuit court, that decision must represent an abuse of the circuit court's discretion, to the extent that it was manifestly and palpably erroneous. *In re Estate of Byrd*, 227 Ill. App. 3d 632, 640 (1992).

¶ 15    Before going any further, this court must comment on the *pro se* appellant's brief that was filed herein. For her appellant's brief, Carnella used the preprinted appellant's brief form that was approved by the Illinois Supreme Court, and which this court must accept. Nevertheless, an appellant must comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which governs the content of an appellant's brief. *Pro se* status does not relieve an appellant of the obligation to comply with Illinois Supreme Court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). The provisions of Rule 341(h) "are rules and not mere suggestions" (internal quotation marks omitted), and a failure to abide by them "is not an inconsequential matter." *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 7. The purpose of Rule 341(h), and of other supreme court rules on appellate procedure, "is to require

parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved." *Id.* This court has the authority to strike an appellant's brief for failure to comply with the rules governing appellate briefs and to dismiss the appeal. *Draves v. Thomas*, 2023 IL App (5th) 220653, ¶ 16. Since striking a brief is a harsh penalty, this court will do so only when the violations are so severe that they hinder review. *Gruby v. Department of Public Health*, 2015 IL App (2d) 140790, ¶ 12.

¶ 16    Carnella's brief falls far short of several of Rule 341(h)'s requirements. For example, Carnella does not include a standard of review for any of her issues. See Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). For another example, Rule 341(h)(6) requires that the statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Carnella's statement of facts does not contain a single reference to pages of the record. Far worse, the statement is filled with arguments and conclusory comments. Only two such instances are quoted here, for illustrative purposes: (1) "This was a simple case: Sell the $60K house, split the $44K in the bank and split the property. But crackheads and welfare addicts are not rational." (2) "Greed and pure evilness of my sister and her daughter has cost us our mother's estate and the winner here is Attorney Wuller."

¶ 17    The argument section of her brief is equally deficient. Rule 341(h)(7) requires that an appellant's brief include "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Carnella's argument does not contain a single citation of the authorities or of the pages of the record relied on. She purports to identify three issues for review. For her first argument, she states:

"The trial court made a mistake by paying Attorney Wuller as estate Atty when he per his court filings states that he represented heirs and non-heirs. Billing the estate for the non-heir who hired him to forward her illegal agenda with an invalid will and not paying my attorney's [*sic*] from the estate in trying to settle the estate fairly and ethicly [*sic*] and all withdrawing before they received more money then [*sic*] the heirs, per Johnson and Flowers."

For her second argument, she states:

"The trial court made a mistake by not paying the Plaintiff's Atty's and paying Wuller as estate Attorney when he did not secure the estate property. His clients executed the invalid will. Me and my Attorney asked him for a return and statement of distribution that he never provided. I and my Attys did more to fairly resolve the estate matter than Wuller did & we deserve to be paid from the estate funds. This case went years without court appointment."

For her third argument, she states:

"The trial court made a mistake by not granting my atty fees and travel expenses. It seems apparent that the strategy mentioned between Wuller and his clients backfired. They gambled and lost. God sustained me and I didn't run out of money to travel to court from Texas until now but the Judge has fixed it so that I can Zoom in for future proceedings. I have bank statement of all the expenses I paid."

In the argument section of her brief, Carnella (still) seems preoccupied with the fees awarded to Wuller, even though the judgment awarding those fees was entered more than 3½ years prior to the judgment that is (supposed to be) the subject of this appeal.

¶ 18     While this court certainly would be fully justified in striking Carnella's brief and dismissing this appeal, this court chooses not to do so. This court can review, without hindrance, the only actual issues in this appeal.

¶ 19     The only true issues in this appeal are whether the circuit court abused its discretion when it denied her claims against her late mother's estate, (1) for attorney fees and (2) for reimbursement for travel expenses. Section 27-2 of the Probate Act of 1975 permits the payment from the estate of "reasonable compensation" to "[t]he attorney for a representative." 755 ILCS 5/27-2(a) (West 2022). This court notes that no provision of the Probate Act requires that compensation be paid from the estate, only that it *may* be paid from the estate. *In re Estate of Elias*, 408 Ill. App. 3d 301, 323 (2011). The term "representative" is broad, extending beyond those who are legally appointed to act for an estate; it includes heirs and next of kin. *In re Estate of Roselli*, 70 Ill. App. 3d 116, 123 (1979). However, the representative must act in a manner that benefits the estate in some way. *In re Estate of Byrd*, 227 Ill. App. 3d 632, 639 (1992). The court did not rule on the reasonableness of the fees, but it ruled that Carnella's and her attorneys' actions did not benefit the decedent's estate. In other words, the actions did not preserve or enhance the estate's value but were for Carnella's personal interests only. Nothing in the record on appeal, apart from Carnella's own words, contradicts this conclusion. Her attorneys did not file anything to indicate that they worked for the benefit of the estate.

¶ 20     Even if some portion of her attorneys' work was for the benefit of the estate, it is impossible to differentiate the portion that benefited the estate from the portion that benefited Carnella personally. The party that petitions for attorney fees must submit sufficient evidence to support the claim, and where some portion of the attorney's work benefited the estate and some other portion benefited a client personally, the party must be able to differentiate the two. *GMAC*

*Mortgage Corp. v. Larson*, 232 Ill. App. 3d 697, 703 (1992). Here, Carnella merely sought payment of the total attorney fees; she did not try to separate out the portion benefiting the estate.

¶ 21 As for Carnella's travel expenses, the Probate Act does not specifically mention reimbursement for travel expenses. A person who seeks such reimbursement must demonstrate, to the satisfaction of the circuit court, that the expenses incurred were expenses of the estate's administration. *Puhrman v. Ver Vynck*, 99 Ill. App. 3d 1130, 1133-34 (1981). An expense of administration is one "reasonably necessary for the preservation and benefit of the estate." *Id.* at 1134. Here, Carnella failed to meet her burden of showing that her expenses qualified as administration expenses. That is, she did not demonstrate that her travel expenses were for the preservation and benefit of the estate.

¶ 22                                                    CONCLUSION

¶ 23 For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.


¶ 24 Affirmed.